UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>DONALD J. PEEL,<br><br>            Defendant. | No.  2:14-cr-00192-GEB<br><br>**TENTATIVE RULING RE MOTION TO DISMISS INDICTMENT** |

Defendant "moves . . . to dismiss the indictment, [arguing] the single count in the indictment violates Fed. R. Crim. P. 8(a) by failing to allege each separate offense in a separate count thereby violating the rule against duplicity." (Def.'s Mot. to Dismiss ("Mot.") 1:16-18, ECF No. 15.)

The government rejoins: "[t]he Indictment is not duplicitous. Rather, it properly alleges multiple means to commit a single offense." (Gov't Opp'n 2:20-21, ECF No. 22.) The government argues:

> Defendant is charged with one count of violating 18 U.S.C. § 2423(a), which criminalizes the transportation of a minor in interstate commerce, "with the intent that the individual engage in . . . any sexual activity for which any person can be charged with a criminal offense." (Dkt. No. 6.) In California, as in other states, a number of distinct sexual activities with a minor have been criminalized. Here, the government properly charged a single offense

1

>     (transportation of a minor to engage in
>     prohibited sexual conduct), and three
>     different means (types of prohibited sexual
>     conduct) by which defendant committed the
>     offense.

(Id. at 3:13-19.)

"An indictment is considered duplicitous if a single count combines two or more different offenses." United States v. Renteria, 557 F.3d 1003, 1007 (9th Cir. 2009). However, "[s]ome crimes can be committed by several alternative means[, and i]t is proper for the government to charge different means of a crime connected by conjunctions in the indictment when the means are listed disjunctively in the statute." Id. at 1008; see also Fed. R. Crim. P. 7(c)(1) ("A count may allege that . . . the defendant committed it by one or more specified means."). Similarly, "where conspiracy is the charge, the established rule is that a charge of conspiracy to commit more than one offense may be included in a single count without violating the rule against duplicity." United States v. Smith, 891 F.2d 703, 713 (9th Cir. 1989).

Here, the Indictment charges:

> [D]efendant . . . on or about March 18, 2014, in the County of Siskiyou, State . . . of California, . . . did knowingly transport an individual who had not attained the age of 18 years . . . in interstate . . . commerce, with the intent that such individual engage in sexual activity for which any person can be charged with a criminal offense, to wit: sexual intercourse in violation of California Penal Code Section 261.5, oral copulation in violation of California Penal Code Section 288a, and sexual penetration in violation of California Penal Code Section 289, all in violation of Title 18, United States Code, Section 2423(a).

(Indictment 1:25-2:5, ECF No. 6.)

2

The Indictment follows the language of 18 U.S.C. § 2423(a), which states in relevant part:

> **(a) Transportation with intent to engage in criminal sexual activity.**--A person who knowingly transports an individual who has not attained the age of 18 years in interstate . . . commerce . . . with intent that the individual engage in . . . any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.

"To secure a conviction under § 2423(a), the government thus must prove beyond a reasonable doubt that the defendant: (1) knowingly transported a minor across state lines and (2) with the intent that the minor engage in sexual activity for which some person could be criminally charged." United States v. Vargas-Cordon, 733 F.3d 366, 375 (2d Cir. 2013). "The government need not prove . . . that the unlawful sexual activity actually took place: '§ 2423(a) is a crime of intent, and a conviction is entirely sustainable even if no underlying criminal sexual act ever occurs.'" Id. (quoting United States v. Broxmeyer, 616 F.3d 120, 129 n.8 (2d Cir. 2010)). "What is required is 'that the *mens rea* of intent coincide with the *actus reus* of crossing state lines." Id. (quoting Broxmeyer, 616 F.3d at 129).

"The allegation[s] of the count at issue . . . describe a single element." Renteria, 557 F.3d at 1008. Specifically, "[t]he alternatives in . . . the indictment concern [Defendant's] intent at the time [he crossed state lines]." Urrutia, 897 F.2d at 432 (reviewing jury instruction given on bank fraud count under 18 U.S.C. 2113(a), which prescribed, in relevant part, "[w]hoever enters or attempts to enter any bank . . . with intent

3

to commit in such bank . . . any felony affecting such bank . . . or any larceny . . . shall be . . . imprisoned not more than twenty years . . . ."). "The offense, therefore, may be charged by alleging that the [interstate] transportation was for two or more [criminal sexual activities], if alleged in the conjunctive, without being objectionable on the grounds of duplicity." Malaga v. United States, 57 F.2d 822, 825 (1st Cir. 1932) (discussing earlier version of the Mann Act, 18 U.S.C. § 2421, *et seq.*); see also Bayless v. United States, 365 F.2d 694, 695 (10th Cir. 1966) (holding indictment charging "unlawful transportation of a named woman in interstate commerce for the purpose of prostitution and debauchery in violation of 18 U.S.C. § 2421" was not duplicitous); United States v. Flath, No. 11-CR-69, 2011 WL 6299082, at *1-3 (E.D. Wis. Sept. 14, 2011) (recommending motion to dismiss indictment charging a violation of 18 U.S.C. §§ 2423(c) and (e) on duplicity grounds be denied), findings & recommendations adopted by 845 F. Supp. 2d 951 (E.D. Wis. 2012).

  For the stated reasons, Defendant's motion to dismiss the Indictment for Duplicity is DENIED.

Dated:  October 9, 2014

GARLAND E. BURRELL, JR.
Senior United States District Judge