UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>      v.<br><br>DONALD J. PEEL,<br><br>                    Defendant. | No. 2:14-cr-00192-GEB<br><br>**ORDER DENYING MOTION TO DISMISS INDICTMENT**[*] |

Defendant "moves the Court to dismiss the indictment for failure to allege . . . a federal crime in violation of Fed. R. Crim. P. [("Rule")] 7(c)(1)." (Def.'s Mot. to Dismiss 1:16-18, ECF No. 30.)  Rule 7(c)(1) states in pertinent part: "The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ."  In essence, Defendant "contends that 18 U.S.C. § 2423(a)[, the statute under which he was indicted,] must be construed not to apply to consensual non-commercial sexual conduct between persons over 16 and adults[,]" and here, "[t]he indictment alleges [Defendant] violated 18 U.S.C. § 2423(a) by

---

[*]   The hearing on October 17, 2014, is vacated since this matter is suitable for decision without oral argument.

1

1  transporting L.P. across state lines with the intent to violate
2  three separate California crimes," each of which "the Government
3  has conceded . . . are for sexual activities . . . which are only
4  unlawful due to the age of the minor." (Id. at 1:18-25.)

5       The government counters: "[D]efendant's latest motion
6  to dismiss should be denied[;] . . . § 2423(a) should not be
7  construed as the defendant suggests[; and t]o do so would
8  improperly narrow the scope of the conduct criminalized by §
9  2423(a)."  (Gov't Opp'n 2:21-23, ECF No. 34.) The government
10 argues, *inter alia*:

> the plain language of § 2423(a) unambiguously contradicts [Defendant's] interpretation. Section 2423(a) criminalizes the transportation of a minor across state lines with the intent to engage in "any sexual activity for which a person can be charged." § 2423(a). The defendant can be charged with any of the crimes listed in the indictment. There is no requirement in the statute that the sex acts be non-consensual or for commercial purposes.
>
> Contrary to the defendant's claim, there is no need to define or interpret the phrase, "any sexual activity for which a person can be charged." This phrase is basic and clear. The plain meaning of § 2423(a) controls, making the application of the cannons of statutory interpretation unnecessary.

21 (Id. at 3:14-21.)

22      "In interpreting a statute, [the Court] 'must begin
23 with the language of the statute itself.'" United States v.
24 Banks, 556 F.3d 967, 978 (9th Cir. 2009) (quoting Bowsher v.
25 Merck & Co., 460 U.S. 824, 830 (1983)). "Where statutory language
26 is plain, 'the sole function of the courts-at least where the
27 disposition required by the text is not absurd-is to enforce it
28 according to its terms." In re Kagenveama, 541 F.3d 868, 872 (9th

Cir. 2008), overruled on other grounds by In re Flores, 735 F.3d 855 (9th Cir. 2013). "In other words, where 'the language is plain . . . , the duty of interpretation does not arise, and the rules which are to aid doubtful meanings need no discussion.'" United States v. Thompson, 728 F.3d 1011, 1023 (9th Cir. 2013) (quoting Caminetti v. United States, 242 U.S. 470, 485 (1917)).

18 U.S.C. § 2423(a) prescribes:

> A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce. . . , with intent that the individual engage in . . . **any sexual activity for which any person can be charged with a criminal offense**, shall be fined under this title and imprisoned not less than 10 years or for life.

(emphasis added).

"Sexual activity" is not defined by the statute. Therefore, it "should be accorded its ordinary meaning." Banks, 556 F.3d at 978; see also United States v. Maciel-Alcala, 612 F.3d 1092, 1096 (9th Cir. 2010) ("[U]nless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning."). "'[D]ictionary definitions are cognizable' as tools for determining the ordinary meaning of words used in a statute. . . ." Maciel-Alcala, 612 F.3d at 1096 (quoting Banks, 556 F.3d at 978).

Black's Law Dictionary defines "sexual activity" as follows: "1. Sexual intercourse. — Also termed carnalis copula. 2. Physical sexual activity that does not necessarily culminate in intercourse. • Sexual relations usu[ally] involve the touching of another's breast, vagina, penis, or anus. Both persons (the toucher and the person touched) are said to engage in sexual

3

[activity]." Black's Law Dictionary (9th ed. 2009). This definition makes no reference to whether the activity is consensual or for a commercial purpose. Further, the definition does not reference the age of the participants.

Defendants' proposed construction of "sexual activity" is contrary to its plain meaning and is therefore rejected. Accordingly, Defendant's Motion to Dismiss the Indictment, (ECF No. 30), is DENIED.

Dated:  October 15, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge