UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>DONALD J. PEEL,<br><br>                Defendant. | No.  2:14-cr-00192-GEB<br><br>**TENTATIVE RULING** |

Defendant moves under Federal Rule of Criminal Procedure ("Rule") 16 and Local Rules 440 and 110 "for an order . . . preclud[ing] the introduction and consideration of expert testimony," arguing the government's Rule 16(a)(1)(G) Expert Notice was untimely. (Def.'s Mot. 1:22-25, ECF No. 45.)

In the alternative, Defendant moves for an order under Rule 16(d)(2) continuing the trial date and requiring the government to comply with its Rule 16(a)(1)(G) expert discovery obligation. (Id. at 1:26-2:2.)

Defendant's arguments are addressed in turn.[1]

**1)   Exclusion of Expert Testimony for Untimely Disclosure**

Defendant's motion to preclude the government from presenting expert testimony on the grounds that the government's October 10, 2014 Expert Notice was untimely is denied since

---

[1] This tentative ruling does not address the remaining portions of Defendant's motion, i.e., Defendant's request for an order to compel the government to disclose certain Brady material.

1

Defendant has not shown that it was untimely under the circumstances.

Although Defendant requested "expert discovery by letter on April 4, 2014," (see Def.'s Mot. 2:18-21), that request was made in Case No. 2:14-cr-106, a case which was dismissed upon Defendant's motion. Defendant did not request expert discovery in this case until October 9, 2014, via email, after plea negotiations failed. (Gov't Resp. 2 n.2, 3:5-6, ECF No. 51.) The government filed its Expert Notice the following day, on October 10, 2014. (Gov't Expert Notice, ECF No. 29.) The Expert Notice was filed 25 days before trial.

**2)   Adequacy of Expert Notice under Rule 16(a)(1)(G)**

Defendant requests an order compelling the government to comply with Rule 16(a)(1)(G)'s expert discovery requirements and continuing the trial, for an unspecified amount of time, arguing the government's Expert Notice provides an inadequate "written summary of the [expert] testimony that the government intends to use . . . ." (Def.'s Mot. 3:25-4:1.) In essence, Defendant contends the Expert Notice merely discloses a list of topics concerning which the experts are anticipated to testify, rather than each expert's opinions regarding those topics, as required by the Rule. (Id. at 3:25-6:4.)

The government rejoins that its Expert Notice is sufficient. (Gov't Resp. 1:20-26.) The government further counters:

> if the defense would like additional detail regarding the expert notice, the government is willing to answer any questions the defendant has about these basic, but necessary opinions. There are still 14 days

>       before the beginning of trial, and possibly 21 days before the presentation of expert testimony. The defendant's motion for a continuance should be denied and the proffered testimony should be admitted.

(Id. at 1:27-2:3.)

Rule 16(a)(1)(G) prescribes, in relevant part:

>       At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . . **The summary provided under this subparagraph must describe the witness's opinions**, the bases and reasons for those opinions, and the witness's qualifications.

(emphasis added).

"As the Advisory Committee Note expressly states, Rule 16(b)(1)(C) is 'intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination.'" United States v. Baras, Nos. CR 11-00523 YGR, 2014 WL 129606, at *3 (N.D. Cal. Jan. 14, 2014) (quoting Fed. R. Crim. P. 16 1993 amend. advisory committee's note).

The government discloses in the Expert Notice its "inten[t] to call two expert witnesses: (1) Detective Derek Stigerts, a member of the Federal Bureau of Investigation's ("FBI") Child Exploitation Task Force, and (2) Catherine S. Connell, an FBI forensic child interview specialist." (Gov't Expert Notice 1:23-25.) The government provides the following written summary of each expert's expected testimony:

>    Both experts will provide **testimony about how and why children can be exploited.**
>
>    . . . . Here, the jury must consider whether the defendant intended to have sex with the victim in this case while traveling with her into California. **Detective Stigerts and Ms. Connell will help the jury identify and understand certain systematic acts of manipulation, some of which the government believes the defendant used to influence a 16-year-old child to have 30 to 40 sexual encounters with him,** a man nearly 50 years her senior, in a period of about 30 days while they traveled alone, along the West Coast. **The expert analysis will help the jury evaluate the question of the defendant's intent in the context of the alleged crime.**

(Id. at 1:28-2:11 (emphasis added).)

This summary "provide[s] a list of the general subject matters to be covered, but d[oes] not identify what opinion[s] the expert[s] w[ill] offer on those subjects." United States v. Duval, 272 F.3d 825, 828 (7th Cir. 2001) (holding in a drug case that the expert notice was insufficient under Rule 16(a)(1)(G)) ; see also, United States v. Cerna, No. CR 08-0730 WHA, 2010 WL 2347406, at *4 (N.D. Cal. June 8, 2010) (finding expert disclosures inadequate when the summary of testimony provided "did not provide any indication of the [experts'] actual opinions regarding the[] subjects" referenced therein). Nor does the referenced summary state that the experts are being offered "to provid[e] only background information on [the referenced] subjects." Fed. R. Crim. P. 16(a)(1)(G) 1993 amend. advisory committee's notes (stating the summary of expected testimony "should inform the requesting party whether the expert will be providing only background information on a particular issue or whether the witness actually offer an opinion").

For the stated reasons, the government's Expert Notice filed October 10, 2014 does not comply with Rule 16(a)(1)(G).

"[When] the government fails to comply with [Rule 16(a)(1)(G)], the district court may order disclosure, grant a continuance, prohibit the government from offering the evidence at trial, or grant whatever relief the district court deems just under the circumstances." United States v. Mendoza, 244 F.3d 1037, 1046 (9th Cir. 2001) (citing Fed. R. Crim. P. 16(d)(2)). However, the "court should not impose a sanction harsher than necessary to accomplish the goals of Rule 16." United States v. Gee, 695 F.2d 1165, 1169 (9th Cir. 1983).

Here, the stated goals of Rule 16(a)(1)(G), i.e., to minimize surprise from unexpected expert testimony and to provide Defendant with a fair opportunity to test the merits of the expert's testimony through focused cross-examination require the government to supplement its Expert Notice.

Further, in light of this tentative ruling and since the government stated in its Response that "if the defense would like additional detail regarding the expert notice, the government is willing to answer any questions the defendant has about the[] . . . opinions[,]" the government should supplement its Expert Notice as soon as practicable so that the status of this issue is clarified before the October 24, 2014 hearing on Defendant's motion.

Dated:  October 23, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

5