UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     v.<br><br>DONALD J. PEEL,<br><br>              Defendant. | No.  2:14-cr-00192-GEB<br><br>**ORDER ON MOTIONS IN LIMINE** |

The government and Defendant each move in limine for an order precluding the admission of certain evidence at trial. Each motion is addressed below.

**A.   The Government's Motions**

**Motion in Limine No. 1**

"[T]he Government requests [under 18 U.S.C. § 3509(d)] that the victim be permitted to testify by first name only[,]. . . that the Court order all parties to refer to the victim by first name only, and [that the Court] . . . instruct witnesses before their testimony that the victim's last name and other identifying information should not be mentioned in open court." (Gov't Mots. in Limine "Gov't MILs" 2:20-24, ECF No. 35.)

Defendant "agrees that the alleged victim should be identified as Laurie, so long as the jury is informed that the rules of criminal procedure require such identification, because of her age being under 18." (Def.'s Opp'n to Gov't MILs ("Def.'s

Opp'n") 1:20-22, ECF No. 56.)

This motion is GRANTED to the extent it authorizes the victim to testify by, and for other witnesses to refer to her by, her first name only. However, each party, rather than the Court, shall instruct its/his respective witnesses to refer to the alleged victim by her first name only. Further, a party shall submit any proposed jury instruction it/he opines should be given to the jury concerning this issue as soon as practicable, but no later than 12:00 p.m. on November 3, 2014.

**Motion in Limine No. 2(a)**

The government moves to exclude as irrelevant any arguments or evidence concerning "a mistake as to the victim's age." (Gov't MILs 3:9-10.) The government argues:

> As the court held in United States v. Taylor, [239 F.3d 994 (9th Cir. 2001),] there is no mistake of age defense to a violation of § 2423(a). . . .
>
> Here, the crime at issue is the knowing transportation of a minor across state lines with the intent to engage "in any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2423(a) (emphasis added). Because the victim was, in fact, sixteen, the defendant can be charged with any of the state violations listed in the indictment. A potential affirmative defense to any of those crimes has nothing to do with the fact that he can be charged with a state crime.

(Gov't MILs 3:10-11, 3:14-18.)

Defendant rejoins that "mistake of age evidence is relevant, because a sexual act with a minor who reasonably appears to be an adult is not illegal in California . . . unless the adult knows of the age or is negligent in relying on the minor's appearance." (Def's Opp'n 1:23-27.) Defendant further

argues:

> Since the federal offense is only committed if Mr. Peel transported the minor with intent to engage in sexual activity "for which a person can be charged" and a person cannot be charged with sexual activity with a person who reasonably appears to be over 18 unless there is evidence of actual knowledge or negligence.

(Id. at 2:9-13.)

The government replies: "Defendant's argument that 'a sexual act with a minor who reasonably appears to be an adult is not illegal unless the adult knows of the age or is negligent' conflates illegality of an action with an affirmative defense to a charge." (Gov't Reply[1] 3:4-6, ECF No. 77.) The government argues:

> One who engages in sexual activity with a minor in California could still be charged with violating the statutes at issue; it is of no import that he may have an affirmative defense at trial in state court. The charged violation still concerns illegal conduct. Here, mistake of age is not even a defense to the federal crime charged, so the state affirmative defense is wholly irrelevant.

(Id. at 3:8-12.)

Mistake of age has not been shown to be relevant to the charged offense. 18 U.S.C. § 2423(a) prescribes, in relevant part:

> A person who knowingly transports an individual who has not attained the age of 18 years in interstate . . . commerce, . . .

---

[1] The Court has considered the government's reply brief even though it was filed after the deadline to file reply briefs prescribed in the October 10, 2014 Trial Confirmation Order ("TCO"). The TCO required parties to file reply briefs "no later than October 28, 2014." (TCO 1:23, ECF No. 28.) The government filed its reply at 1:37 a.m., less than two hours after the referenced deadline, and since the Defendant is not expected or authorized to respond to the reply, he suffers no prejudice from the delay.

> with intent that the individual engage . . . **in any sexual activity for which any person can be charged with a criminal offense**, shall be fined under this title and imprisoned not less than 10 years or for life.

(emphasis added). "[C]ircuits [that have] address[ed] th[e] question have held that knowledge of the victim's age is not a required element of the statute." United States v. Daniels, 653 F.3d 399, 409 (6th Cir. 2011) (compiling cases); see also United States v. Taylor, 239 F.3d 994, 997 (9th Cir. 2001) ("Ignorance of the victim's age provides no safe harbor from the penalties in 18 U.S.C. § 2423(a).").

Further, none of underlying California Penal Code sections which Defendant is alleged to have intended to violate, i.e., "sexual intercourse in violation of California Penal Code Section 261.5, oral copulation in violation of California Penal Code Section 288a, and sexual penetration in violation of California Penal Code Section 289" include mistake of age **as an element**. (Indictment 2:3-5, ECF No. 6; see Cal. Penal Code §§ 261.5(a), (c), 288a(a), (b)(1), 289(h); see also California Criminal Jury Instructions ("CALCRIM") Nos. 1071, 1082, 1102.) Rather, courts have recognized mistake of age as a defense to the crimes. See e.g., People v. Hernandez, 61 Cal. 2d 529, 536 (1964); Pelayo-Garcia v. Holder, 589 F.3d 1010, 1015 (9th Cir. 2009); see also CALCRIM Nos. 1071, 1082, 1102. Accordingly, Defendant could be **charged** for violating the referenced California crimes regardless of any mistake of age concerning L.P.

For the stated reasons, this motion is GRANTED.

4

**Motion in Limine No. 2(b)**

The government moves to exclude as irrelevant any arguments or evidence concerning "the victim's consent." (Gov't MILs 3:20.) The government argues:

> Under Vargas-Cordon, [733 F.3d 366 (2d Cir. 2013),] § 2423(a) is "a crime of intent, and a conviction is entirely sustainable, even if no underlying criminal sexual act ever occurs . . . What is required is that the *mens rea* of intent coincide with the *actus reus* of crossing state lines." Consent is not an element of the crime, nor is it a defense to the crime.

(Id. at 3:26-4:1.)

Defendant rejoins:

> The consent of the minor is not a complete defense, but is **relevant to establish the defense that Mr. Peel had no motive to travel to California to have sexual relations.** The evidence is likely to show that Mr. Peel and Laurie P. were engaged in a consensual sexual relationship in Nevada which was legal if it was consensual. Since the relationship was consensual in Nevada, Mr. Peel had no reason to have sex illegally in California when he could legally have sex in Nevada.

(Def.'s Opp'n 4:15-21 (emphasis added).)

Since the government has not shown that evidence concerning the victim's consent is irrelevant to Defendant's motive proposition, on which he argues it has probative value, this motion is DENIED.

**Motion in Limine No. 3**

The government seeks to exclude "[a]ny arguments or evidence inviting jury nullification," including, among other things:

5

>           (1) [the] victim's purported consent to sex
>           with Defendant; (2) any mistake of law
>           claimed by Defendant; (3) the victim's
>           family's circumstances or history; and (4)
>           that the minor victim is not a "true" victim
>           or has less value as a victim because of her
>           life circumstances . . . .

(Gov't MILs 4:13-20.)

Defendant rejoins "the Government's motion in limine is not properly taken, because the Government has not alleged any facts to support the motion. Defense counsel has never given any hint that he would argue nullification in this case." (Def.'s Opp'n 5:17-23.)

In light of Defendant's response, the vagueness of part of the motion, and the above ruling concerning consent conceivably having probative value on Defendant's motive proposition, this motion has not been stated with the clarity required for an in limine ruling.

**Motion in Limine No. 4(a)**

The government seeks to exclude "any evidence or arguments . . . regarding the age of consent or laws in other jurisdictions outside California" as "irrelevant," and likely to "confuse the jury, . . . [or] elicit jury nullification." (Gov't MILs 4:22-26, 6:17-19.) The government contends:

>           Defendant may try to introduce evidence or
>           argument that sexual activity with a minor is
>           legal in Nevada, the state in which the
>           Defendant picked up his minor victim before
>           starting on a five-state, thirty-day road
>           trip for the purposes of sexual activity with
>           her. However, because the charged
>           transportation here ended in the state of
>           California, where the prohibited sexual
>           activity at issue was to take place,
>           California's jurisdiction over violations of
>           the statutes cited as means in the Indictment
>           is clear, and those statutes prohibit sexual

6

1 activity with a minor under 18. The law in
2 Nevada is irrelevant.

3 (Id. at 5:16-22.)

4 Defendant counters:

5 The Government's evidence will show that Mr.
Peel and Laurie P. had sexual relations
6 consensually in Nevada where it was legal,
and there will be evidence to suggest that
7 Mr. Peel knew California's age of consent in
California was 18. Since the evidence will
8 show that Mr. Peel had the opportunity to
engage in sexual relations without violating
9 the law, **Defense is entitled to argue that he
had no motive to travel to engage in sexual
10 realtions [sic]**, and he had a motive to wait
only 2 days to return to Nevada where he
11 could legally have consensual sex again. This
argument is based on the Government's
12 evidence, and the fact that Mr. Peel was only
in California at the time of the arrest
13 because his journey through California had
been stopped when his vehicle was impounded
14 by California Highway Patrol. . . . Defense
will ask the Court to take judicial notice
15 that the age of consent for consensual sexual
acts is 16 in Nevada and Washington and 18 in
16 California.

17 (Def.'s Opp'n 4:23-5:12.)

18 Since the government has not shown that evidence
19 concerning the age of consent in Nevada is irrelevant to
20 Defendant's motive proposition, on which he argues it has
21 probative value, this motion is DENIED.

22 **Motion in Limine No. 4(b)**

23 The government seeks to exclude all arguments
24 concerning what Defendant "thought the law was" or what Defendant
25 "thinks the law should be." (Gov't MILs 4:22-24.) The government
26 argues "such arguments are improper and should be excluded,
27 because they coopt the role of the court as the sole arbiter of
28 the law, and because they are irrelevant to the charge." (Id. at

7

4:24-26.)

In light of Defendant's following statements in his opposition, the government has not shown that a sufficient controversy exists for a ruling on this issue:

> [T]here will be evidence to suggest that Mr. Peel knew California's age of consent in California was 18[,] . . . . Defense agrees that mistake of law is not a defense in California sexual crimes, and there is no reason to believe there will be any evidence of Mr. Peel mistakenly believing anything about the law.

(Def.'s Opp'n 4:24-25, 5:7-9.)

**Motion in Limine No. 5**

"The government asks . . . the Court [to] exclude any evidence of Defendant's lawfulness or non-corrupt conduct, except reputation or opinion evidence offered by character witnesses strictly in accord with the limitations of Federal Rule of Evidence 405(a)." (Gov't MILs 7:25-27.)

Defendant counters that he "has the right to introduce good character evidence that he is has [sic] not been sexually involved with children, but has had relationships with adults." (Def.'s Opp'n 5:25-27.)

The scope of this motion is too unclear for an in limine ruling. See Weiss v. La Suisse, Soc'y D'Assurances Sur La Vie, 293 F. Supp. 2d 397, 407-08 (S.D.N.Y. 2003) (denying motion to exclude evidence for a "lack[] of specificity[,]" stating "[n]o particular documents or testimony have been identified in the motion"). Further, a sufficient factual context has not been presented for a ruling on this motion. See Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc., No. CV 08-8525 PSG (PJWx), 2010

WL 2035800, at *1 (C.D. Cal. May 19, 2010) (stating "motions in limine should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial").

**Motion in Limine No. 6**

The government moves to "bar the introduction of . . . evidence or argument" concerning the alleged victim's sexual history. (Gov't MILs 8:2-6.)

This motion is the subject of Defendant's sealed Rule 412 motion, which has been decided in a sealed order filed on October 29, 2014. (See Order, ECF No. 79.)

**Motion in Limine No. 7**

The government "asks the Court to prohibit Defendant and his counsel from referring . . . to the potential penalties in this case, including statutory maximums, statutory minimums, and sentencing ranges," arguing such information "is irrelevant to the jury's task" and "invites them to ponder matters that are not within their province, distracts them from their fact-finding responsibilities, and creates a strong possibility of confusion." (Gov't MILs 10:27-11:1, 11:10-13.)

Defendant counters:

> Contrary to the Government's suspicion . . . , Defense intends to argue that the California crime of engaging in sexual activity with minors is a felony and to refer to it as "serious." Defense is entitled to argue that Mr. Peel did not plan to have sex in California, because he would rather wait one day than go to prison.

(Def.'s Opp'n 6:2-6.)

9

It has not been shown that a sufficient controversy exists on this motion to require an in limine ruling.

**Motion in Limine No. 8**

The government seeks to preclude under Rule 609(d) evidence of any juvenile adjudications concerning the alleged victim. (Gov't MILs 11:16-20.)

Defendant counters: "This motion cannot be decided until the Court is advised what the conviction was for. Defense has sought the record by subpoena and the Court has refused the subpoena. If defense cannot ask about the prior record he will be denied his right to cross examine on an issue which is material to the defense in violation of the Sixth Amendment."

Since whether the alleged victim has a juvenile adjudication is unknown, and if a juvenile adjudication does exist, its nature is unknown, a sufficient factual context has not been presented for an in limine ruling on this motion.

B.  **Defendant's Motions**

**Motion in Limine No. 1(a)**

Defendant moves to preclude "any mention of [Defendant's] prior convictions **in the Government's case in chief**," arguing "the Government has not sought to introduce prior conduct under Rule 404(b)." (Def.'s Mots. In Limine ("Def.'s MILs") 1:21-27, ECF No. 36 (emphasis added).)

This motion is unopposed and is GRANTED.

**Motion in Limine No. 1(b)**

"In the event [Defendant] testifies," Defendant also moves under Rule 609(a) and (b) to exclude evidence of Defendant's past convictions for impeachment purposes. (Id. at

1   2:1-2:5.) Defendant argues:

> [Defendant] has a number of convictions prior to 2004 . . . . Since the Government cannot show that the probative value of these old convictions substantially outweighs the prejudicial value, Rule 609(b) requires that these old convictions cannot be used to impeach [Defendant's] testimony. . . .
>
> For convictions after 2004, Fed. R. Evid. 609 permits impeachment with either felonies or moral turpitude offenses. According to the discovery received[,] Mr. Peel does not have a [sic] such convictions, although he has been charged with such crimes. In the event that the Government can show an actual conviction, Defense contends that the Court should exclude it under Fed. R. Evid. 403.

(Id. at 2:4-10, 2:20-25.)

The government counters that "[s]hould [D]efendant testify, his prior criminal history will become relevant," but requests "the Court . . . reserve ruling on the . . . motion until the record is more fully developed." (Gov't Opp'n to Def.'s MILs ("Gov't Opp'n") 1:22-23. 5:1-3, ECF No. 49.)

The government argues:

> The defendant has an extensive criminal history. Based on his rap sheet and public records, it appears he has been arrested nearly 50 times and suffered approximately 20 convictions.
>
> The government filed a Rule 609 notice on October 17, 2014, detailing the convictions it believes could be admissible were the defendant to testify. Additionally, should defendant testify, parts of his criminal history may become relevant, depending on what he says, for the purposes of impeachment and may be admissible, at the discretion of the Court, under Rule 608(b) (Impeachment by Specific Instances of Conduct).
>
> . . . .

11

> The defendant's three prior felony convictions, as outlined in the government's Rule 609 notice, may be used to impeach the defendant's credibility. . . .
>
> It appears two of the defendant's misdemeanor convictions outlined in the government's Rule 609 notice may [also] have impeachment value. The government is in the process of investigating the defendant's 2004 conviction for contributing to the delinquency of a minor. If this conviction "involved dishonesty or false statement" within the meaning of Rule 609(a)(2), then the government will seek to admit it should the defendant testify. Additionally, the defendant's 2000 conviction for false statement/obstructing a public officer appears to involve "dishonesty or false statement" and, as such, should be admissible under Rule 609(a)(2).
>
> . . . .
>
> Should the defendant testify, parts of his criminal history may [also] become relevant for the purposes of impeachment (i.e., probative of his veracity) and may be admissible, at the discretion of the Court, under Rule 608(b), depending on what the defendant says during direct examination.

(Id. at 1:21-28, 3:2-4:5.)

Since it is unknown whether Defendant intends to testify, and a sufficient factual context has not been presented, this motion has not been presented with the clarity required for an in limine ruling.

**Motion in Limine No. 2**

Defendant seeks to admit under Rule 609(a)(2) evidence that witness Nichole Gorski "has a recent felony theft conviction and other criminal records." (Def.'s MILs 3:8-12.)

The government "asks the Court to reserve ruling [on this motion] until the parties can determine if Ms. Gorski in fact suffered a conviction admissible under Rule 609(a)(2)."

12

(Gov't Opp'n 5:19-20.) The government contends:

> [It] has no objection to presentation of evidence regarding any conviction suffered by Nicole Gorski that would be admissible under Rule 609(a)(2). However, it is unclear from Ms. Gorski's rap sheet, which was provided to the defendant on October 17, 2014, if she suffered such a conviction. The government will inquire into this issue . . . .

(Id. at 5:5-20.)

A sufficient factual context has not been presented for an in limine ruling on this motion.

**Motion in Limine No. 3**

Defendant moves to exclude any testimony "that the alleged victim has been disagnosed [sic] with Asperger's Syndrome or any other form of psychiatric diagnosis." (Def.'s MILs 3:15-18.) Defendant argues, *inter alia*:

> The Government . . . disclosed on October 14, 2014 . . . that a police officer will testify that he believed the alleged victim had a mental age of 10. This opinion regarding mental age is not a proper subject of lay testimony under Fed. R. 701, since it is essentially an opinion that the alleged victim is mentally retarded or has some other form of developmental disability which is a subject which requires specialized knowledge.

(Id. at 3:26-4:4.)

The government rejoins:

> The government does not intend to illicit testimony from any of its witnesses that L.P. was diagnosed with Asperger's Syndrome. . . .
>
> However, witnesses should be permitted to testify to their general perceptions regarding L.P.'s demeanor and may render a lay opinion as to the victim's mental capacity or mental state, so long as the opinion is "rationally based on the perception of the witness." Fed. R. Evid.

13

> 701. Such observations are relevant here because they relate to the defendant's intent and modus operandi. They [sic] government expects that witnesses may testify that the victim seemed, in their lay opinion, slow, particularly young, immature, or that she seemed to have a mental impairment. The government also anticipates that witnesses may testify that L.P. was easily manipulated. These observations are relevant to the government's theory of the case that the defendant used a variety of techniques to get her to submit to his sexual advances, including but not limited to praying on her malleability and vulnerabilities.
>
>  . . . .
>
> Testimony, such as that of Deputy Warren, who encountered the victim while she was with the defendant in Washington and told the FBI that she appeared to be suffering from some "mental defect," should not be excluded. Such testimony is proper under Rule 701. The report regarding Deputy Warren's observations was provided to the defense on August 8, 2014.

(Gov't Opp'n 5:22-6:24.)

The portion of Defendant's motion seeking to exclude testimony that L.P. was diagnosed with Asperger's Syndrome does not require a ruling in light of the government's representation that it "does not intend to illicit [any such] testimony." Further, the remainder of Defendant's motion lacks a sufficient factual basis for an in limine ruling.

**Motion in Limine No. 4**

Defendant moves to preclude the government's expert testimony "regarding techniques used by adults to exploit children[,]" arguing such testimony is "irrelevant to th[e] case." (Def.'s MILs 4:7-11.) Defendant contends:

> According to the Government's evidence in this case, Mr. Peel started having sexual relations with 16 year old L.P. when she was

14

> living in his neighborhood in Las Vegas where such sexual relations are completely legal under Nevada state law. Since L.P. claims she started having sexual relations with Mr. Peel in a state where she was over the age of consent, his encouragement of her to have sexual relations was also legal and any evidence of techniques which other defendants used to encourage minors to become prostitutes or to violate age of consent laws are irrelevant.

(Id. at 4:11-19.)

The government counters:

> The proposed expert testimony is relevant, and therefore admissible, because a jury would benefit from the testimony of an expert with knowledge of the child exploitation subculture and how and why children can be exploited. **[The] expert's specialized knowledge will help the jury to understand the significance of particular evidence in this case and to consider the defendant's intent, a key fact at issue.**
>
> Here, the jury must consider whether the defendant transported L.P. into California with the intent that she have sex with him or others. Expert testimony will help the jury identify and understand particular acts of manipulation, such as isolating a vulnerable child who lives on the edges of society from her friends and family, causing that child to depend on the defendant, and supplying that child with narcotics, all of which can be used to influence the actions of a minor. The government believes the defendant used some or all of these techniques to influence L.P., a 16-year-old child, to have 30 to 40 sexual encounters with him, a man nearly 50 years her senior.

(Gov't Opp'n 7:1-13 (internal quotation marks and citation omitted).)

Defendant requests in his reply that "the Court preclude the introduction of the expert's testimony until after [L.P.] has testified so that the Court can determine whether the [expert's] testimony . . . was 'applied to the facts in the case'

15

as required by Fed. R. Evid. 702." (Def.'s Reply 4:3-7, ECF No. 72.) The Court declines to address this request since it was raised for the first time in Defendant's reply. See, e.g., United States v. Rearden, 349 F.3d 608, 614 n.2 (9th Cir. 2003) (declining to consider argument on appeal that was "raised for the first time in reply").

"Rule 702 . . . requires that [expert] testimony 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 591 (1993). "This condition goes primarily to relevance. Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." Id. (internal quotation marks and citation omitted).

Expert testimony concerning "techniques used by adults to exploit children" is relevant in determining Defendant's intent. Cf. United States v. Hitt, 473 F.3d 146, 158 (5th Cir. 2006) (affirming the admission of expert testimony concerning a sexual abuser's "grooming process" in a case charging a violation of 18 § 2423(a), *inter alia*). Therefore, this motion is DENIED.

**Motion in Limine No. 5**

Defendant requests permission "to cross examine L.P. regarding her juvenile criminal conviction outside the presence of the jury to determine whether her juvenile criminal conviction is admissible under Fed. R. 609," arguing "[t]he Government has refused to even ask [L.P.] or the juvenile court authorities [whether] she has a juvenile conviction[]." (Def.'s MILs 5:1-6.)

The government counters that "[a]t this time, [it] is unaware of any juvenile adjudications suffered by the victim in

this case[,]" and requests "that evidence regarding any prior juvenile adjudications be excluded" under Rule 609(d). (Gov't Opp'n 8:21-23.) The government further states:

> The government provided the defendant with a copy of L.P.'s rap sheet on October 17, 2014. The government is scheduled to interview L.P. on October 22, 2014, and will ask her if she has any juvenile convictions or adjudications. If she says she does have a prior juvenile conviction or adjudication, the government is willing to share that information with the defense, but will continue to take the position that it should not be admitted.

(Id. at 8:24-28.)

In light of the government's representations, Defendant has not shown the requested discovery procedure will be fruitful. There is no evidence that any juvenile adjudication exists, and if a juvenile adjudication does exist, Defendant has not shown that it would be admissible under Rule 609(d). Further, Defendant has not shown that he should not have done what would be necessary under Federal Rule of Criminal Procedure 17(c) to obtain the desired information prior to the proceeding. See United States v. Villa, 503 F. App'x 487, 489 (9th Cir. 2012) ("Under Rule 17(c), the party seeking documents must 'clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity.'" (quoting United States v. Nixon, 418 U.S. 683, 700 (1974))).

For the stated reasons, this motion is DENIED.

Dated:  October 29, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge