UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>           Plaintiff,<br>     v.<br>DONALD J. PEEL,<br>           Defendant. | No.  2:14-cr-00192-GEB<br><br>**ORDER**<sup>*</sup> |

Defendant filed a motion on each of the following dates concerning witness Nicole Gorski's expected testimony at the trial scheduled to commence Wednesday of this week: October 28, October 29, and October 30, 2014. Specifically, Defendant moves:

1) to suppress Ms. Gorski's testimony in its entirety, arguing "her identity was discover[ed] only by using the now suppressed information which was discovered in the unlawful search of [Defendant's] cellular phone[;]"

2) to preclude the introduction of Defendant's in custody written correspondence and recorded telephone calls to Ms. Gorski, and/or for a trial continuance, under Federal Rule of Criminal Procedure ("Rule") 16 and Federal Rule of Evidence ("FRE") 404(b), arguing the written correspondence and recorded calls were untimely disclosed; and

3) to permit Ms. Gorski to invoke the marital

---
<sup>*</sup>   These matters are suitable for decision without oral argument.

privilege, arguing "the Court should develop the common law to include [the] privilege for de facto marriages."
(See Def.'s Mots., ECF No. 73, 83, 91.)

Each motion is DENIED for the reasons stated herein.

**A.  Motion to Suppress**

Defendant seeks to suppress "all testimony of Nicole Gorski," arguing "the FBI used Mr. Peel's [suppressed] telephone evidence to find Ms. Gorski and . . . her testimony is an indirect result of the illegal cellular telephone search." (Def.'s Mot. to Suppress 2:11, 3:6-9, ECF No. 73.) In the alternative, Defendant argues:

> [L]aw enforcement officers used text messages from the suppressed [cellular] phone [search] to refresh Ms. Gorski['s] memory regarding the contents of the text messages. . . . [S]uppression of the text messages requires that Ms. Gorski not be permitted to testify regarding the contents of her text messages with Mr. Peel unless she can clearly establish independent recollection of the contents of the texts.

(Id. at 2:3-10.)

The government rejoins, "Ms. Gorski's identity was known to investigators long before the FBI received the now suppressed text messages. Moreover, the discovery of the full details regarding her involvement in this case was inevitable." (Gov't Opp'n to Def.'s Mot. to Suppress 1:25-27, ECF No. 92.)[1] The government contends, in relevant part:

---

[1] The Court has considered the government's opposition even though it was filed after the deadline prescribed in the October 29, 2014 Minute Order. (ECF No. 78.) The government filed its opposition only three hours and fifty-seven minutes after the prescribed deadline, and since the Defendant is not expected or authorized to respond to the opposition, Defendant suffers no prejudice from the delay. Further, after the referenced deadline was issued, Defendant filed two additional pretrial motions, to which the government responded.

2

As set forth in the United States' Trial Brief, the defendant and his girlfriend, Nicole Gorski, engaged in sexual relations with the 16 year old victim in this case before the defendant left Las Vegas with the victim. After Defendant left Las Vegas, he and Gorski shared a number of relevant text messages. The United States expects to call Gorski as a witness at trial, and Gorski is expected to testify about her sexual relationship with the defendant and the victim. . . . Moreover, Gorski is expected to testify about her recollection of the text messages that Defendant sent to her during the course of the trip, even if those text messages themselves have been suppressed.

Even if the cell phone texts had never been found, Gorski would have been discovered, and the United States would have called her to testify. Her identification would have come from multiple sources, including: (a) L.P., the victim, who stated that Gorski and Defendant had sex with her; (b) a notebook belonging to Gorski found in the Defendant's car, with the name "Nicole" written on the outside, and which detailed plans for a prostitution business. The notebook included detailed communications between Defendant and Gorski, and included the name of Gorski's daughter inside; and (c) investigators would have located Gorski because she lived with Defendant at the time he left, and because her public Facebook page contained a vast amount of personal information. Such information includes: that she lives in Las Vegas, her place of employment, the name of her high school and year of graduation, a photo of Gorski, and the names of various friends.

. . . .

The text messages were not the only path to Ms. Gorski. The government would have found Ms. Gorski without them, if by no other means, through the victim, L.P.

The "vast majority" of all courts, both state and federal (including the Ninth Circuit), recognize an "inevitable discovery exception" to the exclusionary rule. . . .

. . . .

3

> The inevitable discovery . . . doctrine[] allow[s] the admission of Ms. Gorski's testimony. Indeed, after first mentioning Ms. Gorski the day after her arrest (long before the text messages were obtained), L.P. eventually told investigators all there was to know about her relationship with Ms. Gorski.

(Id. at 2:2-3:27.)

"The inevitable discovery doctrine is an exception to the exclusionary rule." United States v. Ruckes, 586 F.3d 713, 718 (9th Cir. 2009) (quoting United States v. Andrade, 784 F.2d 1431, 1433 (9th Cir. 1986)) (internal quotation marks omitted). "The doctrine permits the government to rely on evidence that ultimately would have been discovered absent a constitutional violation." Id. (citing Nix v. Williams, 467 U.S. 431, 443 (1984)); see also United States v. Young, 573 F.3d 711, 721 (9th Cir. 2009) ("[I]f, 'by following routine procedures, the police would inevitably have uncovered the evidence,' then the evidence will not be suppressed despite any constitutional violation." (quoting United States v. Ramirez-Sandoval, 872 F.2d 1392, 1399 (9th Cir. 1989)).) "If the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means[,] . . . then the deterrence rationale [for the exclusionary rule] has so little basis that the evidence should be received." Nix, 467 U.S. at 444.

Here, the government has shown by a preponderance of the evidence that in light of L.P.'s personal interactions with Ms. Gorski, the references to Ms. Gorski in Defendant's notebook, and the identifying information provided on Ms. Gorski's public

4

Facebook page, the discovery of her whereabouts and the nature of her involvement with Defendant and L.P. was inevitable. Therefore, her testimony will not be suppressed.

Further, to the extent Defendant seeks an order precluding Ms. Gorski from testifying about the contents of her text messages with Defendant, Defendant has not shown justification for such a ruling.

### B. Motion Concerning Defendant's in Custody Communications with Ms. Gorski

Defendant seeks, under Rule 16(d), to preclude the introduction of written correspondence and recorded telephone calls made between Defendant and Ms. Gorski while Defendant was in custody ("in custody communications"), arguing they were untimely disclosed by the government under Rule 16 and FRE 404(b)(2). (Def.'s Mot. to Preclude Defendant Jail Statements 1:19-22, ECF No. 83.)  Defendant also requests a continuance as an alternative remedy under Rule 16(d). (Id. at 1:23-25.) Defendant argues:

> Without filing any Rule 404(b) notice, on October 28, 2014, at 4:30 p.m. the Government disclosed recorded jail calls and emails made by the defendant over the duration of the case which were recorded by the jail staff at Sacramento County jail.
>
> . . . .
>
> . . . Since these jail calls are months old, the Government has no justification for failing to disclose this evidence until after motions in limine period has closed.
>
> . . . .
>
> . . . Given the complexity of the issues raised by this new evidence the Court should exclude the evidence as not being disclosed

5

> sufficiently before trial to enable counsel to adequately prepare a defense to this evidence with its unclear evidentiary logic.

(Id. at 3:4-8, 3:21-24, 4:15-18.) Defendant further argues that the referenced communications should be excluded under FRE 403 as unduly prejudicial and "likely to create a side issue in the trial with great risk of confusing the issues." (Id. at 4:20-25.)

The government counters, in essence, that it has not violated its discovery obligations and that exclusion is not an available remedy under the law. (Gov't Opp'n to Preclude Jail Calls 1:27-28, 5:23-6:1, 6:7-8, ECF No. 93.)

Assuming arguendo that the timing of the government's disclosure of the in custody communications violates Rule 16(a) and/or FRE 404(b), Defendant has not shown that exclusion of the evidence or a trial continuance is an appropriate sanction under the circumstances. Therefore, the Court declines to reach the issue of whether a discovery violation occurred.

"The trial court, when faced with a [discovery] violation . . . , may 'order such [offending] party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such order as it deems just under the circumstances.'" United States v. Gee, 695 F.2d 1165, 1168 (9th Cir. 1983) (quoting Fed. R. Crim. P. 16(d)(2)). "[T]he appropriate sanction for a failure to comply with a discovery rule . . . rest[s] in the district judge's sound discretion[,]" and "should not [be] . . . harsher than necessary to accomplish the goals of Rule 16." Id. at 1168-69 (internal quotation marks and citation omitted). "Exclusion is an appropriate remedy for a discovery . . . violation only where

6

1 'the omission was willful and motivated by a desire to obtain a
2 tactical advantage.'" United States v. Finley, 301 F.3d 1000,
3 1018 (9th Cir. 2002) (quoting Taylor v. Illinois, 484 U.S. 400,
4 415 (1988)).
5     Here, Defendant has not shown that exclusion is an
6 appropriate remedy since "the record d[oes] not demonstrate that
7 [the timing of the government's disclosure of the in custody
8 communications] was willful and motivated by a desire to obtain a
9 tactical advantage." United States v. Tsosie, 532 F. App'x 705,
10 707 (9th Cir. 2013). Further, Defendant has not shown the need
11 for a continuance. The in custody communications were disclosed a
12 week in advance of trial, and Defendant has not stated "[how]
13 additional defense preparation time would be helpful in any way."
14 Gee, 695 F.2d 1169. Although Defendant objects to when he
15 received the in custody communications, he does not indicate how
16 much additional time, if any, he needs to adequately prepare for
17 their possible admission at trial. Nor has Defendant shown in his
18 motion that the factors applicable to deciding a continuance
19 request favor granting a continuance. See United States v.
20 Fowlie, 24 F.3d 1059, 1069 (9th Cir. 1994) ("In deciding whether
21 to grant a continuance[,] a district court must balance 1)
22 whether the continuance would inconvenience the witnesses, the
23 court, counsel, or the parties; 2) whether other continuances
24 have been granted; 3) whether legitimate reasons exist for the
25 delay; 4) whether the delay is the defendant's fault; and 5)
26 whether a denial would prejudice the defendant.").
27     For the stated reasons, Defendant's motion to preclude
28 introduction of the in custody communications and/or for a trial

7

continuance as discovery sanctions is DENIED.

Defendant's request to exclude the in custody communications under FRE 403 is also DENIED since he has not shown that their probative value is "substantially outweighed by a danger of . . . unfair prejudice, [or] confusing the issues."

**C.   Motion to Permit Ms. Gorski to Invoke the Marital Privilege**

Defendant "seek[s] to permit Nicole Gorski to decline to testify based on the common law spousal privilege recognized in Trammel[ v. United States, 445 U.S. 40 (1980)], . . . but expanded to include a de facto common law marriage." (Def.'s Mot. to Permit Nicole Gorski to Invoke Marital Privilege 2:9-11, ECF No. 91.) Defendant acknowledges the "motion is contrary to binding Ninth Circuit precedent, but . . . rais[e]s [it] to preserve the issue for appeal." (Id. at 1:22-23.)

As Defendant recognizes, this motion is contrary to what the Ninth Circuit held in United States v. Lustig, 555 F.2d 737, 747 (9th Cir. 1977), in which it stated marital "privileges depend on the existence of a valid marriage, as determined by state law." Defendant asserts he and Ms. Gorski are residents of Nevada, which is a state that "does not recognize common law marriages." Gilman v. Gilman, 114 Nev. 416, 421 n.1 (1998); see also Nev. Rev. Stat. § 122.010.

Therefore, this motion is DENIED.

Dated:  November 3, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

8