UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:14-cr-00192-GEB |
| Plaintiff, | |
| v. | **PROPOSED TRIAL DOCUMENTS** |
| DONALD J. PEEL, | |
| Defendant. | |

Attached are the Court's proposed closing jury instructions, conditional closing jury instructions, and verdict form. Any proposed modifications should be submitted as soon as practicable.

In the attached instructions, the Court has attempted to eliminate unnecessary language and to more closely follow the language used in the Ninth Circuit Model Criminal Jury Instructions and the federal and California law upon which they are based. The goal is to "help the jurors to concentrate on the question[s] at hand." Achor v. Riverside Golf Club, 117 F.3d 339, 341 (7th Cir. 1997).

For example, the definition of "sexual penetration" in the closing instruction concerning the charged crime has been tailored to fit the record in this case. It is questionable whether the definition of "sexual penetration" needs to include reference to penetration by anything except "any body part,

1

1    except a penis." If further definition of "sexual penetration" is

2    required, the explanation provided should be clearer and

3    supported by the record.

4            The majority of the substance contained in Defendant's

5    supplemental proposed jury instruction, which concerns the

6    charged offense, is included in the Court's proposed instructions

7    on the charged offense. However, instruction concerning a mistake

8    of age defense under California law will not be provided. As held

9    in the October 30, 2014 Order on Motions in Limine

> "[C]ircuits [that have] address[ed] th[e]
> question have held that knowledge of the
> victim's age is not a required element of the
> statute." United States v. Daniels, 653 F.3d
> 399, 409 (6th Cir. 2011) (compiling cases);
> see also United States v. Taylor, 239 F.3d
> 994, 997 (9th Cir. 2001) ("Ignorance of the
> victim's age provides no safe harbor from the
> penalties in 18 U.S.C. § 2423(a).").
>
> Further, none of underlying California
> Penal Code sections which Defendant is
> alleged to have intended to violate, i.e.,
> "sexual intercourse in violation of
> California Penal Code Section 261.5, oral
> copulation in violation of California Penal
> Code Section 288a, and sexual penetration in
> violation of California Penal Code Section
> 289" include mistake of age as an element.
> (Indictment 2:3-5, ECF No. 6; see Cal. Penal
> Code §§ 261.5(a), (c), 288a(a), (b)(1),
> 289(h); see also California Criminal Jury
> Instructions ("CALCRIM") Nos. 1071, 1082,
> 1102.) Rather, courts have recognized mistake
> of age as a defense to the crimes. See e.g.,
> People v. Hernandez, 61 Cal. 2d 529, 536
> (1964); Pelayo-Garcia v. Holder, 589 F.3d
> 1010, 1015 (9th Cir. 2009); see also CALCRIM
> Nos. 1071, 1082, 1102. Accordingly, Defendant
> could be charged for violating the referenced
> California crimes regardless of any mistake
> of age concerning L.P.

(Order on Mots. in Limine 4:4-26, ECF No. 89.)

Defendant's proposed "Theory of Defense" instruction is not included in the attached instructions and will not be given to the jury. (See Def.'s Proposed Jury Instructions 11, ECF No. 68.) Although "[a] defendant is entitled to have the jury instructed on his or her theory of defense, as long as that theory has support in the law and some foundation in the evidence[,]" United States v. Perdomo-Espana, 522 F.3d 983, 986-87 (9th Cir. 2008), "[a] 'theory of defense' instruction need not be given when it is simply a recitation of the facts told from the defendant's perspective." United States v. Parker, 991 F.2d 1493, 1497 (9th Cir. 1993). Here, the proposed instruction "[i]s more like a closing argument than a statement of applicable law[,]" and "is adequately covered by the [instructions concerning the charged offense]." Id.; see also United States v. Lopez-Alvarez, 970 F.2d 583, 597 (9th Cir. 1992) ("A defendant is not entitled to any particular form of instruction, nor is he entitled to an instruction that merely duplicates what the jury has already been told.").

Further, the parties' proposed "conditional" jury instructions, that are still being considered, are attached hereto as "conditional" instructions.

Dated:  November 6, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Plaintiff,

      v.

DONALD J. PEEL,

          Defendant.

No. 2:14-cr-00192-GEB

**CLOSING JURY INSTRUCTIONS**

Instruction No.


Members of the jury, now that you have heard all the evidence and the arguments of the parties, it is my duty to instruct you on the law which applies to this case. Each of you is in possession of a copy of these jury instructions, which you may take into the jury room for your use if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.

Instruction No.


The evidence you are to consider in deciding what the facts are consists of:

the sworn testimony of any witness;

the exhibits that are received into evidence; and

any facts to which the parties have agreed.

Instruction No.

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

First, arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

Second, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

Third, testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; if I give a limiting instruction, you must follow it.

Fourth, anything you see or hear when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

3

Instruction No.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Instruction No.


[A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.]

**<u>Or</u>**

[The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.]

Instruction No.


In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

the opportunity and ability of the witness to see or hear or know the things testified to;

the witness's memory;

the witness's manner while testifying;

the witness's interest in the outcome of the case and any bias or prejudice;

whether other evidence contradicted the witness's testimony;

the reasonableness of the witness's testimony in light of all the evidence; and

any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Instruction No.

The government has the burden of proving the defendant guilty beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Instruction No.


You are here only to determine whether the defendant is guilty or not guilty of the charge in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

Instruction No.


You have heard testimony that the defendant made a statement. It is for you to decide first, whether the defendant made the statement, and if so, second, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Instruction No.

You have heard evidence that the defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, or plan and for no other purpose.

Instruction No.


You have heard testimony from a person who, because of education or experience, was permitted to state opinions and the reasons for his opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Instruction No.


The defendant is charged with transporting a minor with the intent that the minor engage in criminal sexual activity.

In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly transported Laurie from another state into California;

Second, Laurie was under the age of eighteen years at the time of the transportation; and

Third, at the time of transportation, the defendant intended that Laurie would engage in criminal sexual activity.

A "minor" is a person who is under 18 years of age.

An act is done "knowingly" if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

"Criminal sexual activity" means sexual activity for which the defendant can be charged with a criminal offense under California law.

Under California law, a person can be charged with a criminal offense if he or she participates in any or all of the following sexual activities:

(1)  an act of sexual penetration with a minor;

(2)  an act of oral copulation with a minor; or

(3)  an act of sexual intercourse with a minor who is not the spouse of the perpetrator and who is more than three years younger than the perpetrator.

Under California law, "sexual penetration" is the act of causing the penetration, however slight, of the genital or anal opening of any person by any part of the body, except the penis, for the purpose of sexual arousal or gratification.

Under California law, "oral copulation" is the act of joining the mouth of one person with the sexual organ or anus of another person.

13

Instruction No.


To find the defendant guilty, the contemplated criminal sexual activity need not have been the defendant's sole purpose for transporting Laurie. It is sufficient if the contemplated "criminal sexual activity" is one of the dominant purposes of the transportation.

Instruction No.


In order to find the defendant guilty of transporting
a minor from another state into California with the intent that
the minor engage in criminal sexual activity, all twelve jurors
must unanimously agree on the criminal sexual activity or
activities that were intended.

Instruction No.


The intent of a person at any given time may not ordinarily be proved directly because there is no way of directly observing the workings of the human mind.

In determining the issue of what a person intended at a particular time, you may consider any statements made or acts committed by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's intent.

Instruction No.

Consent by Laurie to her transportation from another state into California for the purpose of engaging in criminal sexual activity is not a defense to the defendant's charged crime.

Whatever the degree of Laurie's willingness to travel and to engage criminal sexual activity may have been, it is not a defense to the charged crime.

17

Instruction No.


It is not a defense to the charged crime if the defendant was ignorant of Laurie's age.

If someone knowingly transports a person with the intent that the person engage in criminal sexual activity, the transporter assumes the risk that the person is a minor, regardless of what the person says or how the person appears.

Instruction No.

The indictment charges that the offense was committed "on or about" March 18, 2014.  The proof need not establish with certainty the exact date of the alleged offense.  It is sufficient if the evidence establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

Instruction No.

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Instruction No.


      The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Instruction No.


      A verdict form has been prepared for you. After you have reached unanimous agreement on the verdict, your presiding juror will fill in the form that will be given to you, sign and date it, and advise the United States Marshal's representative outside your door that you are ready to return to the courtroom.

Instruction No.


If it becomes necessary during your deliberations to communicate with me, you may send a note through the United States Marshal's representative, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Instruction No.


Under federal law, an alternate juror can only go into the jury deliberation room if the alternate juror replaces a juror.  Therefore, you may leave the courthouse now and do what you normally do when you are not on a jury. However, you are bound by the admonitions I gave in the jury instructions, since I may have to replace one of the deliberating jurors. If you are needed to replace a juror, the Courtroom Duty will tell you to appear in this courtroom. Provide the Courtroom Deputy with your contact information before you leave the courtroom. If the trial is resolved, the Courtroom Deputy will inform you that you are discharged from further service on this case and are released from the admonitions. In the event I do not see you again, thank you for your service on this case.

24

**CONDITIONAL INSTRUCTIONS**

Instruction No.


The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved beyond a reasonable doubt.

Instruction No.


You have heard evidence that the defendant has previously been convicted of [a] crime[s]. You may consider that evidence only as it may affect the defendant's believability as a witness. You may not consider [a] prior conviction[s] as evidence of guilt of the crime for which the defendant is now on trial.

Instruction No.


You have heard evidence that the defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, or plan and for no other purpose.

Instruction No.


You have heard evidence that witness Nicole Gorski has previously been convicted of [a] crime[s]. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

Instruction No.


You are about to hear evidence that [describe evidence to be received for limited purpose]. I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

Instruction No.


During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Instruction No.


      Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

Instruction No.


You are about to [hear] [watch] a recording that has been received in evidence. A transcript of the recording is being provided to help you identify speakers and to help you decide what the speakers say. Remember that the recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you heard is controlling. Listen carefully; the transcript will not be available during your deliberations.

Instruction No.


Evidence has been admitted that the defendant may have been intoxicated at the time that the crime charged was committed.

You may consider evidence of the defendant's intoxication in deciding whether the government has proved beyond a reasonable doubt that the defendant intended that Laurie engage in criminal sexual conduct when transporting her from another state into California.

Instruction No.


You have heard testimony from [name of witness], a witness who


[received immunity. That testimony was given in exchange for a promise by the government that [the witness will not be prosecuted] [the testimony will not be used in any case against the witness]];


[received [benefits] [compensation] [favored treatment] from the government in connection with this case];


[[admitted being] [was alleged to be] an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime];


[pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability].


For [this] [these] reason[s], in evaluating the testimony of [name of witness], you should consider the extent

to which or whether [his] [her] testimony may have been influenced by [this] [any of these] factor[s]. In addition, you should examine the testimony of [name of witness] with greater caution than that of other witnesses.

Instruction No.


You have heard testimony from [name of witness], a witness who is a drug addict.

The testimony of a drug addict must be examined and weighed by the jury with greater care than the testimony of a witness who is not a drug addict.

The jury must determine whether the testimony of the drug abuser has been affected by the witness's drug use or the need for drugs.


See United States v. Burrows, 36 F.3d 875, 879 (9th Cir. 1994) ("[T]he mere fact that a person is a recovering drug addict is not sufficient to warrant an addict instruction."); United States v. Ochoa-Sanchez, 676 F.2d 1283, 1289 (9th Cir. 1982) ("An addict instruction is appropriate when a witness is a [present] addict, but is unnecessary in several situations, including: (1) when the addiction is disputed; when the defense adequately cross-examines the witness about the addiction; and (3) when another cautionary instruction is given." (internal citations omitted).)

1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF CALIFORNIA

7

8    UNITED STATES OF AMERICA,          No. 2:14-cr-00192-GEB

9              Plaintiff,

10        v.                            **VERDICT FORM**

11   DONALD J. PEEL,

12             Defendant.

13

14        WE THE JURY UNANIMOUSLY FIND THE DEFENDANT, DONALD J.

15   PEEL, AS FOLLOWS:

16        AS TO COUNT ONE OF THE INDICTMENT: Transporting a minor

17   with the intent that the minor engage in criminal sexual

18   activity.

19

20        GUILTY _____          NOT GUILTY _____

21

22   Dated this _____ day of _____, 2014.

23

24                    _____

25                         PRESIDING JUROR

26

27

28

1