UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DONALD J. PEEL,<br><br>　　　　Defendant. | No.  2:14-cr-00192-GEB<br><br>**ORDER DENYING DEFENDANT'S MOTION IN LIMINE**[*] |

On November 5, 2014, the day trial commenced, Defendant filed a motion in limine seeking to exclude "recorded jail telephone calls between Mr. Peel and [witness] Nicole Gorski." (Def.'s Mot. in Limine ("MIL") 1:17-19, ECF No. 106.) Specifically, Defendant seeks to preclude the portions of the recorded telephone calls in which "Mr. Peel discusses with Nicole Gorski his efforts to have Ms. Gorski marry him so that she can invoke the marital privilege." (Id. at 1:22-24.) Defendant argues such evidence is irrelevant and should be excluded under Federal Rule of Evidence ("FRE") 403. (Id. at 1:25-2:21.) Defendant contends:

---
[*] This matter is suitable for decision without oral argument.

1

> Here, whether or not Mr. Peel wanted Ms. Gorski to marry him so that an argument could be made that she had a right to invoke the marital privilege is not relevant to any of the elements of the offense with which Mr. Peel is charged. Obviously, as a criminal defendant, Mr. Peel has had an interest in developing a litigation strategy that will help him at trial, but his efforts to do that by trying to creatively use or expand a historically recognized privilege are not relevant to any issues before the jury. . . .
>
> Even if this Court were to determine that portions of the telephone calls in which efforts to make the marital privilege available were relevant, the probative value of such evidence is substantially outweighed by the unfair prejudice and confusion of issues it would entail. Fed. R. Evid. 403. The jury, hearing the evidence, might think that it was important that Mr. Peel was attempting to set the groundwork for a witness being able to choose to exercise a legitimate testimonial privilege. Defendants, however, have every right to explore and attempt to utilize procedural and testimonial privileges. It would unfairly prejudice the jury, and confuse the issues, for the jury to be exposed to evidence that Mr. Peel was trying to establish the circumstances that would allow Ms. Gorski to invoke a legitimate privilege.

(Id. at 1:28-2:21.)

The government counters that the recorded calls are relevant and admissible to show consciousness of guilt. (Gov't Opp'n to MIL ("Opp'n") 2:16-18, ECF No. 113.) The government argues:

> It is . . . well established law that efforts made by a defendant to influence or impede the testimony of a witness are relevant to consciousness of guilt, and are therefore admissible under that theory. . . .
>
> However, it is not just threats (Ortiz-Sandoval[ v. Gomez, 81 F.3d 891, 897 (9th Cir. 1996)]) and intimidation ([United States v. ]Begay[, 673 F.3d 1038, 1046 (9th Cir. 2011)]) that are admissible to prove

2

> consciousness of guilt: any effort to influence a witness's testimony is admissible. . . .
>
> . . . .
>
> As set out in prior pleadings, the defendant was attempting to obstruct justice, by manufacturing a testimonial privilege where no such privilege existed before he was arrested. Throughout his letters and calls, he makes clear that this is not about preserving the tranquility of a peaceful marriage (the underlying purpose of the spousal privilege), but to prevent the jury from learning the truth from Gorski. The defendant tells her "I need you to do this," "without you they ain't got nothin'," "that is how important this matter is to my case," "my life depends on it Nicole, or at least my freedom does."
>
> . . . .
>
> The jail calls are relevant, probative of the defendant's guilt, and properly admissible.

(Id. at 2:20-3:4, 5:8-20.)

In a supplemental filing, filed at 2:48 p.m. on November 7, 2014, Defendant provided the Court with supplemental authority, United States v. Doss, 630 F.3d 1181 (9th Cir. 2011), in support of his argument that the referenced evidence should be excluded under Rule 403. (Def.'s Supplemental Authority, ECF No. 114.) Defendant argues:

> In United States v. Doss, 630 F.3d 1181 (9th Cir. 2011), the Ninth Circuit held that a defendant does not engage in "witness tampering" under . . . 18 U.S.C. Section 1512 when he persuades his wife to exercise her marital privilege not to testify. Id. at 1189. . . .
>
> . . . .

3

> Doss . . . support[s] Mr. Peel's motion in limine because [it] show[s] that discussions in which he explored with Ms. Gorski whether she could assert the marital privilege, urged her to take actions which would enable her to assert the marital privilege, or simply urged her to invoke the marital privilege, are not inherently wrongful. A defendant does not commit wrongdoing by asking a spouse, or someone he believes might be deemed a spouse by the law, to assert the marital privilege.

(Id. at 1:25-2:15.)

The government responded to Defendant's supplemental authority in a filing at 3:17 p.m. on November 7, 2014, rejoining that "Doss does not apply to this case." (Gov't Resp. to Def.'s Supplemental Authority 1:20, ECF No. 115.) The government contends:

> First, Doss is about a criminal prosecution for witness tampering under 18 U.S.C. § 1512 and the sufficiency of the evidence in that case. That is not the issue here. Here, the calls are relevant as a part of the evidence of guilt related to a different crime, a violation of 18 U.S.C. § 2423(a).
>
> Second, in Doss, a husband went to his real wife and asked her to invoke a valid and existing privilege. That is not the case here, where the defendant has taken steps to corruptly create a privilege that does not exist.
>
> Third, in Doss, to secure a conviction under § 1512, the government was required to establish beyond a reasonable doubt that the defendant acted "corruptly." The issue in Doss was whether the government had presented sufficient evidence to do so. That is not the issue here. Here, the government simply seeks to use evidence of the defendant's efforts to silence a witness to establish his consciousness of guilt regarding a violation of § 2423(a).

4

>Fourth, in Doss, the Ninth Circuit added a footnote indicating that had the government presented some evidence of threats or intimidation, it would have met its burden. Doss, 630 F.3d at 1190, n.6 ("The government did not argue that Doss had threatened or intimidated Ford, which would of course otherwise violate § 1512.") Here, while the government has no burden to meet because it is not required to establish – beyond a reasonable doubt – that the defendant acted "corruptly," the government can present evidence of "intimidation[.]"
>
>. . . .
>
>Finally, Doss makes no claim to overrule decades of Ninth Circuit precedent. Doss was a case about the sufficiency of the evidence under § 1512, not whether evidence of consciousness of guilt was admissible in a § 2423(a) prosecution. Doss simply does not apply to the issue presented here.

(Id. at 1:22-3:3.)

The government provided in its opposition the following relevant portions of the Defendant and Ms. Gorski's referenced communications.

>On August 25, 2014, jail phone call to Nicole Gorski:
>
>Peel: . . . You might have the right to marital privilege. I want you to get a lawyer. Go down and talk to a lawyer.
>
>Gorski:  Okay, listen.
>
>Peel:  Go ahead.
>
>Gorski:  I talked to the PI. She said, 'Uh, are you married.' And I'm like, 'No but we've been together for 10 years.' She was like 'Oh, if you were MARRIED' [voice getting louder with MARRIED], that it wouldn't – I wouldn't be able to do anything, like uh, you know what I mean?
>
>Peel:   Yeah . . . They're not

5

|   |   |
|---|---|
| 1 | going to make you get up there and make you testify. |
| 2 |   |
| 3 | Gorski:   Right . . . Is there common law here or anything . . . |
| 4 | Peel:    That's what I'm trying to find out |
| 5 |   |
| 6 | On September 23, 2014, jail call to Nicole Gorski: |
| 7 | Peel: . . . get a form from the Secretary of State or Courthouse . . . I need you to do that as quickly as possible, Nicole . . . We need to establish that. |
| 8 |   |
| 9 |   |
| 10 | . . . |
| 11 | Peel: . . . But they think they got you as a witness . . . [unintelligible] they['re] going forward with it. Without you, they ain't got nothin." |
| 12 |   |
| 13 |   |
| 14 | On October 3, 2014, jail call to Nicole Gorski: |
| 15 |   |
| 16 | Peel:    Hey, did you get ahold of [unintelligible] lawyers yet . . . Listen, please go down and do that. Please go down and do that . . . Borrow money from your daughter Barb . . . I'll pay her back . . . Please go down and do that. See where you stand and everything. Okay. I want you to protect yourself. Alright. Please . . . I can't say anything about your choices or anything . . . I don't want to get in trouble for no witness tampering or anything like that . . . |
| 17 |   |
| 18 |   |
| 19 |   |
| 20 |   |
| 21 |   |
| 22 |   |
| 23 |   |
| 24 | On October 3, 2014, in a letter to Nicole Gorski: |
| 25 | Ask the lawyer about Domestic Partnership also. Nicole I cannot express upon you the importance of this matter. This is no time to dilly dally LOL always wanted to use that, anyway, please take care of business legally. At least with |
| 26 |   |
| 27 |   |
| 28 |   |

6

1
2
3
4
5
6
7
8
9

    a lawyer you will have legal advice you can count on

    . . .

    Get the letter notarized and send me a copy and keep one for yourself you may want to have the attorney help you or advise you how to write it. Nicole please do this yesterday that is how important this matter is to my case. In fact, if you can afford to send it federal express return receipt that way the Federal Defenders Agency will have to sign for it.

On October 4, 2014, in a letter to Nicole Gorski

    Enclosed you will find a Declaration for domestic partnership all you need to do is follow the format of my declaration just due yours in your own words et cetera than call and find out where the office of the Secretary of State is and take the two declarations down with any fees if there isn't an office in Vegas get the number and call maybe you can fax this info. Please, please, do this with the quickness, ok? Send me a copy!! Once you get it from the Secretary's office . . . When you call them ask how long the procedure takes . . . [Attaching Application for Domestic Partnership]

On October 5, 2014, in a letter to Nicole Gorski:

    Nicole take the document that's with this letter make yours out and get us registered please my life depends on it Nicole or at least my freedom does.

On October 17, 2014, in a letter to Nicole Gorski

    Call my attorney . . . and tell him what you want to do about your contention of not testifying for

7

>the Government and he will assist you . . . **And if you think even for a moment that i won't find you when I get out that ain't happening so don't make any plans that I'm not encluded [sic] . . .** This is very important business Nicole so please do not fail to handle it. The Federal courts do not play. Those other papers I sent will accomplish the matter. Not to worry I will still make it the real thing when were [sic] back together again i promise ok

(Opp'n 3:16-5:4 (emphasis in the government's opposition, other emphasis from the government's opposition omitted).)

Defendant has not shown that the referenced evidence is irrelevant to the government's "consciousness of guilt" proposition, on which it argues the evidence has probative value. See, e.g., United States v. Ortiz-Sandoval, 81 F.3d 891, 897 (9th Cir. 1996) ("Federal caselaw . . . is uniform in holding that threats are relevant to consciousness of guilt."); United States v. Brashier, 548 F.2d 1315, 1325 (9th Cir. 1976) ("[E]vidence of conduct designed to impede a witness from testifying truthfully may indicate consciousness of guilt and should be placed before the trier of fact."); United States v. Wilson, 447 F.2d 1, 9-10 (9th Cir. 1971) ("[A]n attempt to suborn a witness manifests a consciousness of guilt."); Madden v. United States, 20 F.2d 289, 294 (9th Cir. 1927) (affirming admission of evidence that the defendant "engaged [a witness] in conversation . . . and . . . urged upon him that he ought to have the advice of a lawyer" whose "advice was that [the witness] could decline to testify upon the ground that he could not be required to incriminate himself" as "tending to show a consciousness of guilt").

Further, Defendant has not shown that the referenced evidence's "probative value is substantially outweighed by a danger of . . . unfair prejudice, [or] confusing the issues." Fed. R. Evid. 403; see, e.g., United States v. Monahan, 633 F.2d 984, 985 (9th Cir. 1980) (rejecting a defendant's Rule 403 argument concerning evidence admitted to show consciousness of guilt).

Moreover, United States v. Doss, 630 F.3d 1181 (9th Cir. 2011) is distinguishable from this case both legally and factually. Doss involved "**whether one can be convicted for witness tampering under 18 U.S.C. 1512** by encouraging a witness to withhold testimony when that witness possesses a legal right or privilege not to testify[,]" Doss, 630 F.3d at 1183 (emphasis added); whereas the proffered purpose of admitting the referenced evidence in this case is to show consciousness of guilt in a prosecution under 18 U.S.C. § 2423(a). Further, in Doss, the "evidence at trial established only that [the defendant] appealed to his **wife** to exercise her marital privilege[;]" whereas here, the referenced communications evince Defendant was asking his current or former girlfriend to marry him to create a privilege that did not already exist. Id. at 1990 (emphasis added). Also, unlike in Doss, Defendant's communications to Ms. Gorski in this case include threatening language. (See October 17, 2014 letter to Ms. Gorski, ECF No. 93-1, page 4 of 7 ("And if you think even for a moment that [I] won't find you when I get out[,] that ain't happening so don't make any plans that I'm not encluded [sic].").)

For the stated reasons, Defendant's in limine motion is DENIED.

Dated: November 7, 2014

GARLAND E. BURRELL, JR.
Senior United States District Judge