UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:14-cr-00192-GEB |
| Plaintiff, | |
| v. | **FINAL CLOSING JURY INSTRUCTIONS AND VERDICT FORM** |
| DONALD J. PEEL, | |
| Defendant. | |

On November 6, 2014, the Court filed proposed closing jury instructions, conditional jury instructions, and a verdict form. (Proposed Trial Documents, ECF No. 111.) Defendant and the government each requested certain modifications to the closing jury instructions, and a hearing was held on November 14, 2014, for the purpose of trying to finalize the instructions and verdict form.  Decision on the remaining jury instruction issues follows.

Further, the final closing jury instructions and verdict form are attached. Instruction No. 7 will be modified before it is given to reflect whether or not Defendant testifies. Instruction No. 7(a) will be given only if Defendant testifies.

**1)    Mistake of Age Instruction**

Defendant proposes a jury instruction that informs the jury, *inter alia*, that "a reasonable and good faith belief [that the other person is 18 years old] is a defense to unlawful sexual

1

intercourse, oral copulation, [and] penetration by a foreign object" under California law. (Def.'s Second Supplemental Proposed Jury Instructions, ECF No. 117.)

This instruction, which concerns a good faith mistake of age defense under California law, is irrelevant to the charged federal offense and, therefore, will not be provided. (See Order on Mots. in Limine 4:4-26, ECF No. 89 (explaining mistake of age is not a defense to a charged violation of 18 U.S.C. § 2423(a), which criminalizes the knowing transportation of a person under the age of eighteen "with intent that the individual engage in . . . any sexual activity for which any person can be charged with a criminal offense").)

**2)   Modification to Instruction No. 15**

Instruction No. 15 states:

> "To find the defendant guilty, the intended criminal sexual activity need not have been the defendant's sole purpose for transporting Laurie. It is sufficient if the intended criminal sexual activity is one of the dominant purposes of the transportation."

Defendant requests the following language be added at the end of this instruction: "In other words, the illegal sexual activity must have not been merely incidental to the trip." (Def.'s Third Supplemental Proposed Jury Instructions 2:5-6, ECF No. 133.)

Instruction No. 15 adequately states the law that the Ninth Circuit has approved on the issue. See United States v. Kinslow, 860 F.2d 963, 967 (9th Cir. 1988) ("In this circuit, a federal crime under 18 U.S.C. 2423 exists if the [criminal sexual] activity is one of the dominant purposes of the

transportation. It is not necessary, therefore, that the immoral activity be the only purpose of the trip." (internal quotation marks and citation omitted)), overruled on other grounds by United States v. Brackeen, 969 F.2d 827, 829 (9th Cir. 1992). Further, the Ninth Circuit has rejected Defendant's argument "that the jury might [misunderstand] the instruction to include situations in which [criminal sexual activity] **was merely incidental to the purpose of the interstate journey**." United States v. Fox, 425 F.2d 996, 999-1000 (9th Cir. 1970) (emphasis added). Therefore, Defendant's requested language will not be added to Instruction No. 15.

### 3) Unanimity Instruction

The government objects to the proposed unanimity instruction, requested by Defendant, which requires "all twelve jurors [to] unanimously agree on the criminal sexual activity or activities that were intended" to "find the defendant guilty" of the charged offense. (Proposed Trial Documents, ECF No. 111, ECF page 19 of 42; see Gov't Opp'n to Proposed Final Instructions and Conditional Instructions ("Gov't Opp'n") 1:18-3:21, ECF No. 120.) The government argues that under Schad v. Arizona, 201 U.S. 624 (1991) and United States v. Kim, 196 F.3d 1079 (9th Cir. 1999), "[i]t is incorrect to instruct the jury that they must unanimously agree on which means (intended sex act) the defendant used to commit the crime." (Gov't Opp'n 3:20-21.) The government contends:

> In this case, the defendant has already litigated – and lost – the question of whether the various illegal sex acts are elements of the crime or are simply alternative means of committing a single

1

2

> crime. See Docket 15 (Defendant's Motion to
> Dismiss Indictment As Duplicitous); Docket 24
> at *3-4 (Court Order Denying the same.)

3

4

5

6

7

8

> Because the indictment alleges
> alternative means (i.e. intended sex acts) by
> which the defendant might have committed this
> one single crime, the jury need not
> unanimously agree on which means (intended
> sex act) the defendant actually used to
> accomplish the crime. Thus, a jury unanimity
> instruction on the intended sex acts creates
> a legal standard that is higher than what is
> required by the law.

9

(Id. at 2:11-19.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

"Unanimity . . . means more than a conclusory agreement that the defendant has violated the statute in question; there is a requirement of substantial agreement as to the principal factual **elements** underlying a specified offense." United States v. Ferris, 719 F.2d 1405, 1407 (9th Cir. 1983) (emphasis added). "In the ordinary case, a general unanimity instruction suffices to instruct the jury that they must be unanimous on whatever specifications form the basis of the guilty verdict." Kim, 196 F.3d at 1082. "A specific unanimity instruction is required only when it appears that 'there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts.'" Id. (quoting United States v. Anguiano, 873 F.2d 1314, 1319 (9th Cir. 1989)).

24

25

26

27

28

> As the Supreme Court explained in Schad
> v. Arizona, an indictment may allege that a
> defendant committed an offense by one or more
> specified means, but "[w]e have never
> suggested that in returning general verdicts
> in such cases the jurors should be required
> to agree upon a single means of commission,
> any more than the indictments were required
> to specify one alone." 501 U.S. 624, 632

(1991) (Souter, plurality); see also id. at 649 ("It has long been the general rule that when a single crime can be committed in various ways, jurors need not agree upon the mode of commission.") (Scalia, J., concurring).

United States v. Hofus, 598 F.3d 1171, 1176 (9th Cir. 2010). "[T]he Supreme Court regards **elements** as those circumstances on which the jury must unanimously agree, while it regards **means** as those circumstances on which the jury may disagree yet still convict." Rendon v. Holder, 764 F.3d 1077, 1086 (9th Cir. 2014) (emphasis added); cf. United States v. Lyons, 472 F.3d 1055, 1069 (9th Cir. 2007) ("[J]urors need not be unanimous as to a particular theory of liability so long as they are unanimous that the defendant has committed the underlying substantive offense."), overruled on other grounds by United States v. Contreras, 593 F.3d 1135, 1136 (9th Cir. 2010).

Here, in denying Defendant's motion to dismiss the indictment for duplicity, the Court previously held:

> The allegation[s] of the count at issue[, i.e., **the unlawful sexual activity and/or activities that were intended] . . . describe a single element."** [United States v. Renteria, 557 F.3d [1003,] 1008 [(9th Cir. 2009)]. Specifically, "[t]he alternatives in . . . the indictment concern [Defendant's] intent at the time [he crossed state lines]." [United States v.] Urrutia, 897 F.2d [430,] 432 [(9th Cir. 1990)] (reviewing jury instruction given on bank fraud count under 18 U.S.C. 2113(a), which prescribed, in relevant part, "[w]hoever enters or attempts to enter any bank . . . with intent to commit in such bank . . . any felony affecting such bank . . . or any larceny . . . shall be . . . imprisoned not more than twenty years . . . .").

(Tentative Ruling 3:22-4:3, ECF No. 24, adopted as final ruling,

see ECF No. 27.) Accordingly, the referenced unanimity instruction will not be given.

### 4) Instruction Concerning Nevada Law

The government proposes a jury instruction concerning the illegality of certain acts under Nevada law, arguing it is necessary as a curative instruction "[b]ased on the defendant's opening statement that the sex he had with the victim was legal in Nevada." (Gov't Opp'n 6:10-14.)

Defendant does not object to the referenced instruction, and it is included in the final closing jury instructions as Instruction No. 22.

### 5) Instruction or Request for Judicial Notice Regarding Age of Consent in Washington and Nevada

In addition to the government's proposed instruction concerning the illegality of certain acts under Nevada law, Defendant requests the jury be instructed or judicial notice be taken of the age of consent in Washington and Nevada. (Def.'s Second[1] Supplemental Proposed Jury Instructions, ECF No. 129; Def.'s Third Supplemental Proposed Jury Instructions 3, ECF No. 133.) Defendant contends such instruction or judicial notice is relevant to his theory of defense, as stated to the jury in his opening statement, that Defendant lacked the required intent when he transported Laurie into California.

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Therefore, even if something is the proper subject of

---

[1]   This is the second filing Defendant titled "Defense Second Supplemental Proposed Jury Instructions. Therefore, for ease of reference and to avoid confusion, the Court will cite to each Defense Supplemental Proposed Jury Instruction by both title and ECF number.

judicial notice, judicial notice should not be taken of a matter that is "not relevant to the issues the jury ha[s] to decide in [a] case." United States v. Lumiguid, 499 F. App'x 689, 691 (9th Cir. 2012) (affirming the district court's refusal to take judicial notice of three state statutes).

Jury instructions are also limited by "the theories and evidence presented at trial." United States v. Heredia, 483 F.3d 913, 921 (9th Cir. 2007). "[W]hether an instruction should be given . . . requires judgment as to whether the proposed instruction is relevant to the issues presented or would unduly confuse the jury." Id.

Here, Defendant indicates the evidence is relevant to his state of mind. However, in light of the trial record in which Defendant seeks to have the court instruct or otherwise inform the jury of these laws, it appears Defendant seeks to use the referenced evidence for the purpose of inviting the jury to make an unsupported or speculative inference about what, if any, bearing these laws had on his state of mind.

Defendant has failed to show whether either law had a bearing on a proposition relevant to the charged offense. Even if that proposition is Defendant's state of mind, it has not been shown how these laws bear on Defendant's state of mind or at what point in time Defendant had the referenced state of mind, i.e., before, after, or during Laurie's transportation into California.

**6)    Proposed Modification to Closing Instruction No. 5**

"The government asks the Court to strike the third sentence of Instruction Number 5." The government contends "a similar sentence is currently in place at the end of the

7

1    instruction[, and s]triking the third sentence would remove what
2    seems to be repetitive language and bring the instruction in line
3    with the Ninth Circuit's Model Criminal Instruction 3.8." (Gov't
4    Opp'n to Court's Proposed Final Instructions, ECF No. 134.)

5           The government's request is granted. Instruction No. 5
6    has been modified as requested.

7        **7)    Instruction Concerning California Contract Law**

8           Defendant    requests    an    instruction    concerning    the
9    voidability of a California contract entered into by a minor.
10   (Def.'s Fourth Supplemental Proposed Jury Instructions, ECF No.
11   137.) Although Defendant argues such an instruction "is needed to
12   explain why Laurie needed to lie about her age to get her own
13   telephone[,]" Defendant has not shown that the instruction is
14   necessary in light of the trial record concerning the issue. Cf.
15   Fed. R. Evid. 608(b) ("extrinsic evidence is not admissible to
16   prove specific instances of a witness's conduct in order to
17   attack or support the witness's character for truthfulness").
18   Dated:  November 17, 2014
19
20
21                                 _____
                                   GARLAND E. BURRELL, JR.
                                   Senior United States District Judge
22
23
24
25
26
27
28

                                    8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Plaintiff,

     v.

DONALD J. PEEL,

          Defendant.

No. 2:14-cr-00192-GEB

**CLOSING JURY INSTRUCTIONS**

Instruction No. 1


Members of the jury, now that you have heard all the evidence and the arguments of the parties, it is my duty to instruct you on the law which applies to this case. Each of you is in possession of a copy of these jury instructions, which you may take into the jury room for your use if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.

Instruction No. 2

The evidence you are to consider in deciding what the facts are consists of:

the sworn testimony of any witness;

the exhibits that are received into evidence; and

any facts to which the parties have agreed.

Instruction No. 3

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

First, arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

Second, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

Third, testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; if I give a limiting instruction, you must follow it.

Fourth, anything you see or hear when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Instruction No. 4

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Instruction No. 5

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

the opportunity and ability of the witness to see or hear or know the things testified to;

the witness's memory;

the witness's manner while testifying;

the witness's interest in the outcome of the case and any bias or prejudice;

whether other evidence contradicted the witness's testimony;

the reasonableness of the witness's testimony in light of all the evidence; and

any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Instruction No. 6

The government has the burden of proving the defendant guilty beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Instruction No. 7

[A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.]

**Or**

[The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.]

[*Brackets to be used depends upon whether the defendant testifies.*]

Instruction No. 7(a)


You have heard evidence that the defendant has previously been convicted of [a] crime[s]. You may consider that evidence only as it may affect the defendant's believability as a witness. You may not consider [a] prior conviction[s] as evidence of guilt of the crime for which the defendant is now on trial.


[*To be given if the defendant testifies.*]

Instruction No. 8


You are here only to determine whether the defendant is guilty or not guilty of the charge in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

Instruction No. 9

You have heard testimony that the defendant made a statement. It is for you to decide first, whether the defendant made the statement, and if so, second, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Instruction No. 10


You have heard evidence that the defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, or plan and for no other purpose.

Instruction No. 11


You have heard evidence that witness Nicole Gorski has previously been convicted of crimes. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

Instruction No. 12

You have heard testimony from Nicole Gorski, a witness who received immunity. That testimony was given in exchange for a promise by the federal government and the State of Nevada that the testimony will not be used in any case against the witness.

For this reason, in evaluating the testimony of Nicole Gorski, you should consider the extent to which or whether her testimony may have been influenced by this factor. In addition, you should examine the testimony of Nicole Gorski with greater caution than that of other witnesses.

Instruction No. 13


You have heard testimony from a person who, because of education or experience, was permitted to state opinions and the reasons for his opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

14

Instruction No. 14


The defendant is charged with transporting a minor with the intent that the minor engage in any sexual activity for which any person can be charged with a criminal offense.

In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly transported Laurie from another state into California;

Second, Laurie was under the age of eighteen years at the time of the transportation; and

Third, at the time of transportation, the defendant intended that Laurie engage in any sexual activity for which any person can be charged with a criminal offense under California law.

A "minor" is a person who is under 18 years of age.

An act is done "knowingly" if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along

15

with all the other evidence, in deciding whether the defendant acted knowingly.

Under California law, a person can be charged with a criminal offense if he or she participates in any or all of the following sexual activities:

(1)   an act of sexual penetration with a minor;

(2)   an act of oral copulation with a minor; or

(3)   an act of sexual intercourse with a minor who is not the spouse of the perpetrator and who is more than three years younger than the perpetrator.

Under California law, "sexual penetration" is the act of causing the penetration, however slight, of the genital or anal opening of any person by any part of the body, except the penis, for the purpose of sexual arousal or gratification.

Under California law, "oral copulation" is the act of joining the mouth of one person with the sexual organ or anus of another person.

Instruction No. 15

To find the defendant guilty, the intended criminal sexual activity need not have been the defendant's sole purpose for transporting Laurie. It is sufficient if the intended criminal sexual activity is one of the dominant purposes of the transportation.

Instruction No. 16


To find the defendant guilty, it is not necessary for the government to prove anyone actually engaged in criminal sexual activity after being transported into California.

Instruction No. 17


The intent of a person at any given time may not ordinarily be proved directly because there is no way of directly observing the workings of the human mind.

In determining the issue of what a person intended at a particular time, you may consider any statements made or acts committed by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's intent.

Instruction No. 18


If you find the defendant was intoxicated at the time that the crime charged was committed, you may consider the intoxication in deciding whether the government has proved beyond a reasonable doubt that the defendant intended that Laurie engage in criminal sexual conduct when transporting her from another state into California.

Instruction No. 19


Consent by Laurie to her transportation from another state into California and/or to engage in criminal sexual activity is not a defense to the defendant's charged crime.

Instruction No. 20


It is not a defense to the charged crime if the defendant was ignorant of Laurie's age.

If someone knowingly transports a person with the intent that the person engage in criminal sexual activity, the transporter assumes the risk that the person is a minor, regardless of what the person says or how the person appears.

Instruction No. 21

The indictment charges that the offense was committed "on or about" March 18, 2014.  The proof need not establish with certainty the exact date of the alleged offense.  It is sufficient if the evidence establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

Instruction No. 22


Under the applicable law in Las Vegas, Clark County, Nevada, it is illegal:

To solicit acts of prostitution;

To possess or distribute methamphetamine; or

To make a sexual penetration under conditions in which the perpetrator knows or should know that the victim is mentally or physically incapable of resisting or understanding the nature of his or her conduct.

Instruction No. 23


When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Instruction No. 24


The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Instruction No. 25


A verdict form has been prepared for you. After you have reached unanimous agreement on the verdict, your presiding juror will fill in the form that will be given to you, sign and date it, and advise the United States Marshal's representative outside your door that you are ready to return to the courtroom.

Instruction No. 26


If it becomes necessary during your deliberations to communicate with me, you may send a note through the United States Marshal's representative, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

28

Instruction No. 27


Under federal law, an alternate juror can only go into the jury deliberation room if the alternate juror replaces a juror.   Therefore, you may leave the courthouse now and do what you normally do when you are not on a jury. However, you are bound by the admonitions I gave in the jury instructions, since I may have to replace one of the deliberating jurors. If you are needed to replace a juror, the Courtroom Duty will tell you to appear in this courtroom. Provide the Courtroom Deputy with your contact information before you leave the courtroom. If the trial is resolved, the Courtroom Deputy will inform you that you are discharged from further service on this case and are released from the admonitions. In the event I do not see you again, thank you for your service on this case.

1

2

3

4                          UNITED STATES DISTRICT COURT

5                         EASTERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,          No. 2:14-cr-00192-GEB

8                  Plaintiff,

9         v.                            **VERDICT FORM**

10   DONALD J. PEEL,

11                  Defendant.

12   ────────────────────────────────

13            WE THE JURY UNANIMOUSLY FIND THE DEFENDANT, DONALD J.

14   PEEL, ON THE OFFENSE CHARGED IN THE INDICTMENT, Transporting a

15   minor with the intent that the minor engage in any sexual

16   activity for which any person can be charged with a criminal

17   offense, AS FOLLOWS:

18

19        NOT GUILTY _____          GUILTY _____

20

21   Dated this _____ day of _____, 2014.

22

23                              _____

24                                        PRESIDING JUROR

25

26

27

28

                                    1