UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>DONALD J. PEEL,<br><br>Movant. | No. 2:14-cr-00192-KJM-CKD-1<br><br><br><br>ORDER |

Movant is a federal prisoner proceeding pro se with an amended motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255. ECF No. 214. Currently pending before the court is respondent's motion for an order waiving movant's attorney-client privilege and permitting discovery related to the ineffective assistance of counsel claims raised in the amended § 2255 motion. ECF No. 225. Movant has filed an opposition. ECF No. 238. For the reasons discussed below, the court will grant respondent's motion and order limited discovery in this matter.

Respondent seeks an order finding that movant has waived his attorney-client privilege from his trial counsel, Douglas Beevers, as well as his appellate counsel, John Balazs, based on allegations of their ineffectiveness in his amended § 2255 motion. ECF No. 225. In order to be able to properly respond to these allegations, respondent requests leave to conduct discovery by interviewing or deposing prior counsel. Id.

In his opposition, movant objects to the order requested by respondent to the extent that it seeks a "cart[e] blanch[e] (sic) fishing license into all [of] Peel's privileged communications…" with his attorneys. ECF No. 238 at 1. Movant recognizes that he has impliedly waived his attorney-client privilege only to the extent that it is necessary to respond to his ineffective assistance of counsel claims. ECF No. 238 at 1-2 (citing Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003) (en banc)).

For good cause shown, the court hereby orders limited discovery of the ineffective assistance of counsel allegations raised in the amended § 2255 motion. See Bracy v. Gramley, 520 U.S. 899, 908-09 (1997); Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 6(a). The court finds that movant has impliedly waived his attorney-client privilege with respect to the allegations raised in grounds 1, 2, 4, 5-8, 11, and 13 of his amended § 2255 motion. See ECF No. 214; see also Bittaker v.Woodford, 331 F.3d 715, 721-24 (9th Cir. 2003) (en banc). The court will set a brief discovery period to allow respondent to obtain declarations relevant to these ineffective assistance of counsel claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion for an order waiving movant's attorney-client privilege and permitting discovery (ECF No. 225) is granted.
2. The court hereby finds that movant has impliedly waived his attorney-client privilege as to his trial counsel, Douglas Beevers, as well as his appellate counsel, John Balazs, limited to the allegations raised in grounds 1, 2, 4, 5-8, 11, and 13 of his amended § 2255 motion. This waiver encompasses any persons employed by or working with counsel as part of the defense team. Mr. Beevers and Mr. Balazs are hereby permitted to disclose freely to the parties and the court any relevant information responsive to the ineffective assistance of counsel claims raised in grounds 1, 2, 4, 5-8, 11, and 13 of movant's amended § 2255 motion including the production of e-mails, notes, records, or other documents.
3. Respondent shall limit its use of any information or documents received to answering the ineffective assistance of counsel claims raised in movant's amended § 2255

motion. Respondent shall treat the information and documents received as confidential and shall not disseminate them or disclose their contents other than in the course of litigating the pending § 2255 motion.

4. The parties may conduct discovery until December 2, 2020. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior to that date.

5. In light of this discovery schedule, respondent's answer to movant's amended § 2255 motion is now due on January 5, 2021. Movant's reply, if any, is now due on February 4, 2021.

6. Movant's amended § 2255 motion will be deemed submitted at the conclusion of this briefing schedule.

Dated: August 24, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/peel0192.waiver.docx