UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States of America, | No. 14-cr-00192 KJM CKD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Donald Peel, | |
| Defendant. | |

Defendant Donald Peel renews his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The government opposes. The court **denies** the motion.

I.   BACKGROUND

The court explained the background of the case extensively in its previous order, Prev. Order at 1–3, ECF No. 268, and briefly summarizes it here. A jury unanimously found Mr. Peel guilty of one count of transportation of a minor to engage in prohibited sexual conduct in violation of 18 U.S.C. § 2423(a). Verdict, ECF No. 143. The previously assigned district judge sentenced him to a 210-month prison term and a 240-month term of supervised release. *See* J. & Commitment, ECF No. 165.

Mr. Peel is in his seventies and suffers from hypertension, chronic obstructive pulmonary disease ("COPD"), benign hypertrophy of prostate, chronic viral hepatitis C and malignant neoplasm of prostate. *See* Medical Records, ECF No. 269 (sealed). The federal Bureau of

1

1   Prisons (BOP) initially assigned Mr. Peel to FCI Victorville in California to begin service of his
2   sentence.  Prev. Order at 2 (citing Opp'n Ex. 1 (Public Inmate Data), ECF No. 261-1).  On
3   December 16, 2020, BOP transferred Mr. Peel to FCI Pekin in Illinois.  Opp'n at n.1, ECF
4   No. 274.
5       The court denied Mr. Peel's original motion for compassionate release.  Prev. Order, ECF
6   No. 268.  As noted, Mr. Peel has renewed his motion, Mot., ECF No. 271, the government
7   opposes, Opp'n, ECF No. 274, and Mr. Peel has replied, Reply, ECF No. 275.

**II.   LEGAL STANDARD**

The court outlined the legal standard for motions for compassionate release under § 3582(c)(1)(A) in its previous order.  In summary, defendants have the burden to show they have exhausted administrative remedies, that "extraordinary circumstances" support their motion, that the requested reduction is supported by the relevant sentencing factors in § 3553(a), and that release would not pose a danger to the community.  *See* Prev. Order at 3–5.

**III.   ANALYSIS**

In the court's previous order, the court found Mr. Peel had exhausted his administrative remedies and "the high risk of infection at FCI Victorville and Mr. Peel's health conditions provide extraordinary and compelling reasons to grant his request under § 3582(c)."  Prev. Order at 5–8.  The parties present no new argument regarding Mr. Peel's health conditions and the court finds no reason to reconsider its prior conclusion that his health conditions weigh in favor of his release.  The court also previously found Mr. Peel presented extraordinary circumstances justifying release based on his placement at FCI Victorville.  Although he is now at a different institution, the government does not dispute that there are extraordinary circumstances weighing in favor of release.  Opp'n at 3 (at time brief filed, "one-hundred and thirty-one inmates and nine staff members are confirmed positive for COVID-19 in Peel's facility, FCI Pekin; six-hundred and six inmates and fifty staff members have recovered" (citing Federal Bureau of Prisons,

/////

*COVID-19 Coronavirus*[1] (visited Jan. 5, 2021))).  Thus, the court also does not reconsider its conclusion that Mr. Peel's placement weighs in favor of his release.

This court previously denied Mr. Peel's motion for release because, in considering the 18 U.S.C. § 3553 sentencing factors, the court found Mr. Peel presented a danger to the community that could not be overcome by the release plan he presented.  Prev. Order at 9.  The court denied the motion in part based on information provided by the Probation Office, that Mr. Peel's proposed residence upon release displayed the "presence of disqualifying factors including a minor's residing in the home Peel propose[d] to live in, and the unavailability of adequate transportation to required sex offender treatment."  *Id*.

Mr. Peel's renewed motion is accompanied by a release plan very similar to the one the court once before explained is unacceptable.  He proposes once again to reside with his sister, her granddaughter and minor grandson.  Mot. at 3.  Mr. Peel does propose that his sister drive him to his required sex offender treatments; he contends the minor child is rarely apart from the child's mother, who takes him with her to the daycare where she works.  McLean Decl. ¶ 6, Mot. Ex. A, ECF No. 271.  Furthermore, he says, the "granddaughter and grandson will move out as soon as they can find affordable housing."  Mot. at 4. (citing McLean Decl. ¶ 7).

As presented, the renewed motion does not provide any meaningful new information to support the court's revisiting its prior conclusion that Mr. Peel presents a danger to the community, which his proposed release plan does not overcome.  Accordingly, the court still finds the relevant factors continue to weigh against Mr. Peel's release and his motion is denied.

## IV.   CONCLUSION

The court **denies** Mr. Peel's renewed motion for compassionate release.

This order resolves ECF No. 271.

IT IS SO ORDERED.

DATED:  March 24, 2021.

CHIEF UNITED STATES DISTRICT JUDGE

---

[1] https://www.bop.gov/coronavirus/.  At the time of this writing, there are zero confirmed inmate cases and eight confirmed staff member cases at FCI Pekin.  *Id.* (visited March 23, 2021).