UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States of America, | No. 14-cr-00192 KJM CKD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Donald Peel, | |
| Defendant. | |

Defendant Donald Peel once again renews his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The government opposes the renewed motion. **The motion is denied as explained below.**

I. **BACKGROUND**

The court explained the background of the case in detail in its previous order, Prev. Order (Nov. 20, 2020) at 2–3, ECF No. 268, and briefly summarizes it here. Peel is currently serving a 210-month prison sentence, *see* J. & Commitment, ECF No. 165, for transporting a minor to engage in prohibited sexual conduct in violation of 18 U.S.C. § 2423(a), Verdict, ECF No. 143. Peel is serving his sentence at FCI Pekin and his projected release date is May 9, 2029, Opp'n at 2, ECF No. 290 (citing BOP Inmate Data, Ex. 1, ECF No. 290-1).

Peel is in his seventies and suffers from hypertension, chronic obstructive pulmonary disease (COPD), benign hypertrophy of prostate, chronic viral hepatitis C, and malignant

neoplasm of prostate. *See generally* Medical Records (sealed), ECF No. 305. His medical records indicate Peel received the first dose of the COVID-19 Moderna vaccine on April 13, 2021. Opp'n at 2; Medical Records (sealed) at 1. The record does not reflect whether he received a second dose.

The court denied Mr. Peel's original motion for compassionate release, Prev. Order (Nov. 20, 2020), and his first renewed motion, Prev. Order (March 25, 2021), ECF No. 284. Peel renews his motion for a second time. Second Renewed Mot., ECF No. 286. The government opposes. Opp'n, ECF No. 290. Mr. Peel has replied. Reply, ECF No. 292.

## II.  LEGAL STANDARD

The district court that imposed a custodial sentence can modify the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A). The defendant must first exhaust administrative remedies. *Id.* § 3582(c)(1)(A). If a defendant has exhausted administrative remedies, the analysis is twofold. First, the court must find "extraordinary and compelling reasons warrant" the requested reduction. *Id.* § 3582(c)(1)(A)(i). Second, the court must consider the same factors that were applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable. *See id.* § 3582(c)(1)(A).

Section 3582 further requires a reduction to be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). In 2006, the Sentencing Commission issued a policy statement addressing what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13 (last amended November 1, 2018). The Ninth Circuit recently clarified that although this policy statement "may inform a district court's discretion," it is "not binding" because it "does not reference motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 800, 802 (9th Cir. 2021) (per curiam).

Although it appears the Ninth Circuit has not decided which party bears the burden in the context of a motion for compassionate release under § 3582(c) after the First Step Act, "district courts that have done so," including this one, "agree that the burden remains with the defendant." *United States v. Becerra*, No. 18-0080, 2021 WL 535432, at *3 (E.D. Cal. Feb. 12, 2021).

2

## III.  ANALYSIS

All of Peel's motions present essentially the same argument: that he should be released because he has updated his release plan to eliminate concerns. As before, Peel proposes to live with his sister Cynthia McLean. Now, though, the sister's granddaughter and infant great-grandson are no longer living in the same home. *See* Mot. at 3–4. As the court previously noted, Peel's prior proposal to live in the same house as a minor rendered his release plan not viable. Although this change might mean the release plan is appropriate in some respects, the court does not re-assess the release plan in light of Peel's change in vaccination status.

As the parties' filings confirm the government is now vaccinating incarcerated individuals. Peel received the first dose of the COVID-19 Moderna vaccine in April. Medical Records (sealed). At Peel's facility, 553 of 1,175 of inmates have been fully vaccinated. Opp'n at 3 (citing BOP website[1]). The government argues Peel's vaccination status means he cannot demonstrate extraordinary and compelling circumstances to support his motion. Opp'n at 5. Peel says his having received a dose of the vaccine does not preclude him from qualifying for compassionate release.

This court, along with the majority of district courts, has found that vaccination against COVID-19 changes the calculus for defendants who claim their medical conditions and incarceration provide "extraordinary and compelling reasons" to grant a motion under § 3582(c)(1)(A). *United States v. Harris*, No. 05-0061, 2021 WL 1516012, at *2 (D. Md. Apr. 16, 2021). This reasoning is based primarily on two factors.

First, according to the best available information, as other courts have observed, "[a]lthough vaccines are not one hundred percent effective," they are "'highly effective at protecting vaccinated people against symptomatic and severe COVID-19.'" *United States v. Singh*, No. 15-00028, 2021 WL 928740, at *2 (M.D. Pa. Mar. 11, 2021) (quoting previous version of Ctrs. for Disease Control & Prevention, "Coronavirus Disease 2019, Vaccines, Interim

---

[1] https://www.bop.gov/coronavirus/index.jsp, last visited June 29, 2021.

Public Health Recommendation for Fully Vaccinated People" (Apr. 27, 2021)).[2] The Moderna vaccine, dose one of which Peel has received, has been found to be "94.1% effective at preventing laboratory-confirmed COVID-19 illness in people who received two doses." U.S. Ctrs. for Disease Control & Prevention (CDC), "Moderna COVID-19 Vaccine Overview and Safety" (Apr. 5, 2021).[3] Even a single dose has protective value, according to public health authorities. CDC Press Release, "CDC Real-World Study Confirms Protective Benefits of mRNA COVID-19 Vaccines," *CDC Newsroom* (March 29, 2021)[4] (reporting on study of Pfizer-BioNTech and Moderna mRNA vaccines finding "a single dose of either vaccine" reduced participants' risk of infection with COVID-19 "by 80 percent two or more weeks after vaccination"). In short, the best information available to the court indicates vaccine doses greatly reduce the risk of severe illness, hospitalization and death.

Second, judges are not in a position to evaluate the risks of severe disease to an individual person, whether vaccinated or not, without scientifically reliable evidence to review. That is why so many federal district courts, including this court, have relied so heavily in the past year on judicially noticeable information published by public health authorities such as the CDC, *see, e.g.*, *United States v. Meron*, No. 18-0209, 2020 WL 5257611, at *1 (E.D. Cal. Sept. 3, 2020), or the opinions of experts, when they are available, *see, e.g.*, *United States v. Terraciano*, 492 F. Supp. 3d 1082, 1083 (E.D. Cal. 2020). When defendants such as Peel argue they remain at risk in the face of COVID-19, but without citing reliable evidence, courts typically resolve the resulting uncertainty against them given their burden of proof as the "party with an affirmative goal and presumptive access to proof." *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992).

These two considerations—scientific consensus that authorized vaccines are safe and effective, and the allocation of the burden of proof to defendants—have led some courts to

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html, last visited May 10, 2021.

[3] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html, last visited May 10, 2021.

[4] https://www.cdc.gov/media/releases/2021/p0329-COVID-19-Vaccines.html, last visited July 6, 2021

4

conclude that a defendant's vaccination "precludes" arguments based on COVID-19 risks until there is some "shift in the scientific consensus." *See, e.g.*, *United States v. Wiley*, No. 14-0048, 2021 WL 1669523, at *2 (M.D.N.C. Apr. 28, 2021) (quoting *United States v. Smith*, No. 17-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021)). But a greater number of courts have been more circumspect, adopting what amounts to a rebuttable presumption that a vaccinated person is not at great risk of severe disease. *See Harris*, 2021 WL 1516012 at *2; *see also, e.g.*, *United States v. Gomez-Vega*, No. 19-1382, 2021 WL 1339394, at *3 (D.N.M. Apr. 9, 2021) (denying compassionate release without prejudice submission of "evidence or argument combatting the efficacy of the vaccine's protection to mitigate [the defendant's particular] medical concerns").

This court has expressly adopted the rebuttable presumption approach: if a defendant has received at least the first dose of an authorized vaccine and, if necessary, has scheduled a second dose as specified by the manufacturer and authorized by the U.S. Food and Drug Administration, then the risk of severe harm from COVID-19 is not an "extraordinary and compelling" reason under § 3582(c)(1)(A)(i), unless the defendant offers evidence of an elevated personal risk despite the protections of vaccination. *United States v. Smith*, No. 98-9, 2021 WL 1890770, at *5 (E.D. Cal. May 11, 2021). Applying the presumption here, given that it is his burden, Peel has not demonstrated his motion should be granted here because he has not shown his medical conditions put him at severe risk after he has been able to access the COVID-19 vaccine.

Accordingly, the court denies the second renewed motion for compassionate release.

**IV. CONCLUSION**

The court **denies** Mr. Peel's renewed motion for compassionate release.

This order resolves ECF No. 286.

IT IS SO ORDERED.

DATED: July 7, 2021.

CHIEF UNITED STATES DISTRICT JUDGE