UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>DONALD J. PEEL,<br><br>Movant. | No. 2:14-cr-00192-KJM-CKD-1<br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant is a federal prisoner collaterally attacking his conviction and sentence pursuant to 28 U.S.C. § 2255. Respondent has filed an opposition and movant has filed a reply brief. For the reasons set forth below, the undersigned recommends denying movant's motion to vacate, set aside or correct sentence.

**I.      Factual and Procedural History**

**A.  Jury Trial**

Following a jury trial, movant[1] was convicted of transporting a minor with the intent to engage in prohibited sexual conduct in violation of 18 U.S.C. § 2423(a). The minor victim, hereinafter referred to as L.P., testified against movant at trial. The parties are familiar with the evidence adduced at trial and the undersigned has reviewed the trial transcripts in this case.

---

[1] All references to "defendant" have been modified to "movant" to reflect the current procedural posture of this case.

1

1   Therefore, the trial testimony will not be summarized herein for the sake of judicial economy.

2   On July 31, 2015, movant was sentenced to 210 months incarceration followed by 240
3   months of supervised release.  See ECF No. 165 (Judgment and Commitment Order).

4   **B. Appeal**

5   Movant appealed his conviction and was appointed new counsel to represent him.
6   Appellate counsel raised seven issues on appeal including a sufficiency challenge to the evidence
7   of movant's intent while traveling with the minor victim, an asserted constructive amendment of
8   the indictment, two jury instruction challenges, a challenge to the district court's denial of
9   movant's motion to represent himself at trial,[2] the application of a sentencing enhancement for
10  obstruction of justice, and an ineffective assistance of trial counsel claim.   On August 28, 2018,
11  the Ninth Circuit rejected these challenges and affirmed movant's conviction.  See ECF No. 203
12  (Unpublished Memorandum Opinion).  The Court of Appeal declined to consider any of
13  movant's ineffective assistance of counsel claims because the record had not been sufficiently
14  developed.  See ECF No. 203 at 5.

15  **C. Motion to Vacate, Set Aside, or Correct Sentence**

16  In his pro se amended § 2255 motion, movant raises 13 claims for relief, not including
17  sub-claims.  Notably, movant describes his conviction as "one count [of] consensual sex with [a]
18  16 year old female." ECF No. 214 at 2.  In his first claim for relief, movant broadly challenges
19  his lack of a defense at trial by arguing that his trial counsel was ineffective.  ECF No. 214 at 4.
20  This claim includes several subclaims challenging counsel's handling of the minor victim's
21  testimony and a separate sub-claim based on the lack of an expert medical doctor to render an
22  opinion about movant's sexual health.  In claim two, movant reiterates his challenge to the district
23  court's denial of his Faretta motion that was raised on direct appeal, but he recasts it as an
24  ineffective assistance of counsel claim. ECF No. 214 at 8.  Specifically, movant denies trial
25  counsel's statement on the record that movant wanted his Faretta motion returned and not filed

---

27  [2] Hereinafter referred to as a Faretta motion.  See Faretta v. California, 422 U.S. 806 (1975)
    (holding that criminal defendants have a constitutional right to proceed without counsel when
28  they voluntarily and intelligently elect to do so).

2

with the court. ECF No. 214 at 8. In his third claim, movant asserts that he is actually innocent because the federal age of consent is 16 years old. Id. at 9-10. Next, movant alleges that his trial counsel was ineffective at sentencing for failing to investigate his family and work history and to present mitigating evidence of his health issues and drug abuse. Id. at 10. In his fifth claim, movant contends that his trial counsel advised him to testify that he knew the age of consent in California was 18 even though movant informed counsel that he did not know this. Id. at 12. Movant's sixth and eighth claims merely repeat the same ineffective assistance of counsel claims asserted in claim one. In claim seven, movant "incorporates by reference" all of the ineffective assistance of trial counsel claims raised on direct appeal, but he does not identify what they were or attach his appellate brief. Id. at 13. Movant next challenges an asserted "sarcastic" comment made by the district judge outside the presence of the jury as rising to the level of a "constitutional question." Id. at 16. Movant's tenth claim challenges jury instruction number 22 on Nevada law because it was overly prejudicial and biased.[3] Id. at 17. In claim eleven, movant alleges that his trial attorney was ineffective for not asking the trial court for access to the victim prior to trial. Id. at 17. Next, movant alleges that it was prosecutorial misconduct for failing to inform the court that the victim had changed her testimony about a purported threat that movant made towards her. Lastly, movant asserts that his appellate counsel was ineffective for raising meritless arguments instead of filing an Anders brief on appeal.[4] Id. at 19.

As part of the opposition, respondent submitted an affidavit from trial counsel as well as correspondence from appellate counsel that disputes the ineffective assistance of counsel claims. ECF No. 294-3 (trial counsel's affidavit); 294-4 (email correspondence from appellate counsel).

---

[3] In this instruction, the jury was informed that:
> Under the applicable law in Las Vegas, Clark County, Nevada, it is illegal: To solicit acts of prostitution; To possess or distribute methamphetamine; or To make a sexual penetration under conditions in which the perpetrator knows or should know that the victim is mentally or physically incapable of resisting or understanding the nature of his or her conduct.

See ECF No. 138 at 33.

[4] Movant does not cite, but the court assumes that this claim refers to Anders v. California, 386 U.S. 738 (1967), in which the Supreme Court established the constitutional framework for requiring an indigent appellant the opportunity to file a pro se brief after appointed counsel has concluded that there is no meritorious issues to be raised on appeal.

The entirety of movant's reply brief focuses on his <u>Faretta</u> claim raised in ground two. ECF No. 322. In support thereof, movant argues that his direct appeal was wrongly decided because he did not request that his attorney withdraw the motion prior to trial. ECF No. 322 at 1. Movant indicates that the withdrawal of the motion occurred at a sidebar conference with the judge outside of his presence. ECF No. 322 at 6. Next, he asserts that the denial of his <u>Faretta</u> motion amounts to structural error and that his appellate attorney failed to argue this. ECF No. <u>Id</u>. at 2-3. To support this assertion, movant attaches a letter that he sent to his appellate attorney. <u>Id</u>. at 10-24. Movant also requests an evidentiary hearing on his <u>Faretta</u> claim. <u>Id</u>. at 9.

## II. Legal Standards

A habeas petitioner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If any of these grounds exist, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Movant carries the burden of establishing that he is entitled to post-conviction relief pursuant to 28 U.S.C. § 2255. See <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982).

Movant alleges that he was denied the effective assistance of both his trial and appellate counsel. The two prong standard announced in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), governs movant's ineffective assistance of counsel claims. In order to be entitled to relief, movant has the burden of establishing: 1) that his defense counsel's performance was deficient; and, 2) that he was actually prejudiced by counsel's acts or omissions. When reviewing the performance prong, the court must determine, whether in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. <u>Strickland</u>, 466 U.S. at 690. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id</u>. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the

1    outcome." Id.

2        The Strickland standard applies equally to appellate counsel as well as trial counsel. Smith v. Murray, 477 U.S. 527, 535–36 (1986).  However, an indigent defendant does not have "a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." Jones v. Barnes, 463 U.S. 745, 751-52 (1983) (emphasizing that an experienced attorney knows the importance of "winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues").  Appellate counsel is not deficient for failing to raise a weak issue.  See Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989).  In order to establish prejudice resulting from appellate counsel's failure to raise an issue on appeal, movant must demonstrate that, but for counsel's errors, he probably would have prevailed on appeal.  Miller, 882 F.2d at 1434 n. 9.

    If the court finds that movant's allegations are sufficient to support both prongs of the Strickland test, "a district court must grant a hearing to determine the validity of a petition brought under… [§ 2255], '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  In other words, an evidentiary hearing is required if (1) movant alleges "specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief." United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004).  No hearing is necessary if movant's allegations, viewed against the record, fail to state a claim for relief or are "so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotations and citations omitted); see also Howard, 381 F.3d at 879 (bald, conclusory or inherently incredible allegations do not support a hearing).

    **III.**    **Analysis**

    In the interests of judicial economy, the court has grouped movant's claims, rather than address them in the order in which they appear in movant's amended § 2255 motion, and will analyze them accordingly.

5

**A.  Claims Belied by the Record**

Regarding the ineffective assistance claims related to counsel's decisions concerning whether to conduct further investigation or call additional witnesses to impeach L.P.'s testimony that movant made a threatening gesture while handcuffed in a police car, the court finds that trial counsel's affidavit demonstrates the strategic nature of these choices. See ECF No. 294-3 at 3 (explaining the tactical reasons why counsel chose to "point[] out the ridiculousness of her testimony during cross-examination of the victim and that she just brought it up for the first time in trial."). As tactical decisions by counsel, they do not amount to deficient performance as a matter of law. See Strickland, 466 U.S. at 689 (recognizing that the Sixth Amendment gives counsel "wide latitude" in making tactical decisions). Therefore, petitioner has failed to demonstrate that he is entitled to relief based on these allegations of ineffective assistance of counsel in claim one.

In claim two, movant asserts that his Sixth Amendment right to represent himself was denied because: 1) the court removed his pretrial Faretta motion from the record by returning it to counsel; and, 2) trial counsel was ineffective for not informing the court about this Faretta motion before the jury was impaneled. ECF No. 241 at 8. Movant indicates that his Faretta motion was filed on November 3, 2014, two days before his jury trial commenced. ECF No. 214 at 8. According to trial counsel's affidavit, movant informed him that "he wanted to drop the Faretta request and withdraw the motion." ECF No. 294-3 at 5-6. Movant disputes this and argues that the November 6, 2014 in-court discussion of his Faretta motion occurred at a side bar conference for which he was not present. ECF No. 322 at 6.

The transcript from November 6, 2014 confirms that a sidebar discussion occurred at which trial counsel informed the court that movant did not want to pursue the Faretta motion anymore and asked that it be returned to counsel instead of filed in the record. ECF No. 175 at 4-5. The trial court granted trial counsel's request and returned the Faretta motion to him. ECF No. 175 at 5.

Six days later, on November 12, 2014, movant personally addressed the court about concerns related to his representation by trial counsel which resulted in the Faretta motion being

filed under seal. ECF No. 294-1 at 27-38; see also ECF No. 123 (motion) (sealed pursuant to ECF No. 122). When asked directly by the court if he wanted to represent himself, movant stated "No." ECF No. 294-1 at 35. As a result, the trial court construed movant's pleading as a motion to substitute counsel during the second week of trial and denied it. See ECF No. 294-1 at 38.

On direct appeal, the Ninth Circuit concluded that the trial court had not plainly erred in denying movant's motion "that referred to Faretta v. California, 422 U.S. 806 (1975)." ECF No. 203 at 4. In reaching this conclusion, the Court of Appeal found that movant "told the court several times that he did not want to represent himself, and the district court correctly denied [his] Faretta request." ECF No. 203 at 4. This finding now constitutes the law of the case which binds this court on collateral review. See Milgard Tempering, Inc. v. Selas Corp. of America, 902 F.2d 703, 715 (9th Cir. 1990) (explaining that an issue which has already been decided by the same court or a higher court in the identical case cannot be relitigated).

To the extent that movant is now raising this issue as an ineffective assistance of counsel claim, the record supports trial counsel's affidavit that he handled the Faretta request in the way that movant "communicated that he wanted it handled." ECF No. 294-3 at 6. Even when movant spoke directly to the trial judge, he informed him that he did not want to represent himself. Therefore, there is no record evidence demonstrating that trial counsel's performance in handling the Faretta motion was deficient under Strickland. The undersigned recommends denying claim two as belied by the record.[5]

Movant also contends that the prosecutor engaged in misconduct by not informing the court that the victim changed her testimony about how movant made a threatening gesture towards her after he was taken into custody. Movant does not explain how informing the trial court would have affected the outcome of his trial because the jury was the finder of fact in this case. More to the point, this claim is belied by the record. The prosecutor informed defense counsel via e-mail about when and how the victim made statements to a law enforcement officer that were inconsistent with her trial testimony. ECF No. 294-5 at 4-5. The prosecutor also

---

[5] For this same reason, movant's request for an evidentiary hearing on this claim should be denied.

7

offered to make the victim available for additional cross-examination about these statements in the event that trial counsel wanted to recall her to the witness stand. Trial counsel declined the offer for strategic reasons as indicated in his affidavit. Based on this record evidence, the undersigned finds no merit to the prosecutorial misconduct claim. See United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir. 1988) (explaining the court's power to dismiss claims "conclusively decided on the basis of documentary testimony and evidence in the record").

### B. Conclusory Claims for Relief

As part of his first claim for relief, movant makes several sweeping and conclusory ineffective assistance of counsel claims based on the failure to impeach the victim with inconsistent statements made at a youth center and to various law enforcement officials. ECF No. 214 at 6. However, movant never identifies what these purportedly inconsistent statements were, much less how any additional impeachment evidence against the victim would have changed the jury's credibility assessment or the verdict. Therefore, they are completely conclusory in nature and do not warrant relief. See James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994). Additionally, the undersigned recommends denying these Strickland claims because they are belied by the record. A review of the trial transcripts and trial counsel's affidavit indicate that he "cross-examined the victim on her inconsistencies and lies related to dates of when events took place, where they took place, and what occurred…. and… her… motives and biases, and… the many contradictions in her testimony." ECF No. 294-3 at 3-4 (trial counsel's affidavit). Simply put, trial counsel's performance was not deficient in cross-examining the victim in this case. For all of these reasons, these ineffective assistance of trial counsel claims for relief should be denied.

Movant raises a free-standing actual innocence claim based on his own views of the age of consent under federal law. However, movant's statutory interpretation argument is not the kind of free-standing actual innocence claim recognized by the Supreme Court. See Schlup v. Delo, 513 U.S. 298 (1995). "To be credible, such a[n actual innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." Schlup, 513 U.S. at 324. Here, movant presents no new reliable

8

evidence that meets this definition of actual innocence. Therefore, the undersigned recommends denying the actual innocence claim as well as the due process and fair trial challenges to count two because they are completely conclusory and are contradicted by the record evidence in this case. See James v. Borg, 24 F.3d at 26 (finding that completely conclusory habeas claims do not warrant relief).

In claim seven, movant incorporates by reference all of the ineffective assistance of counsel claims presented on direct appeal. ECF No. 214 at 13. However, he does not attach his brief on appeal that contains these claims and the Court of Appeal declined to address them in its memorandum opinion because the record was not sufficiently developed. ECF No. 203. It is not this court's job to go hunting through the record to develop the arguments and facts supporting movant's claims for relief. See United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)(explaining that "[j]udges are not like pigs, hunting for truffles buried in briefs."). The undersigned recommends denying this claim as entirely conclusory because movant fails to identify any specific acts or omissions by his trial counsel that prejudiced his case. See James v. Borg, 24 F.3d at 26.

### C.     Claims That Fail on the Merits

As part of claim one and again in claim six, movant faults trial counsel for failing to obtain a medical expert to testify about his sexual health. ECF No. 214 at 6, 13. According to movant, such testimony would have impeached the victim's statements about his sexual performance. This claim fails under both prongs of Strickland. First, trial counsel's affidavit indicates that he thoroughly investigated this avenue of defense. See ECF No. 294-3 at 4 (stating that he "did not request a doctor to perform the exam because my many hours of medical research on the topic showed inconsistent results."); see also Strickland, 466 U.S. at 690-691 (emphasizing that "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."). Additionally, any such hypothetical medical evidence would not have changed the outcome of trial because the jury was already presented with testimony from movant's girlfriend related to his sexual health that contradicted the victim's statements. Movant has not met his burden of

demonstrating either deficient performance or prejudice related to trial counsel's informed, tactical decision not to utilize a medical expert in this case. Therefore, these claims should be denied.

In claim four, movant asserts that trial counsel was ineffective at sentencing for failing to investigate and introduce mitigating evidence related to his family, work history, health issues, and drug use. ECF No. 214 at 10. As respondent points out, movant "fails to even proffer which witnesses would have been helpful or which witnesses would have been sufficiently credible to cause the court to have reached a reduced sentence." ECF No. 294 at 44. Upon review of trial counsel's affidavit and the sentencing transcript in this case, the undersigned finds that trial counsel's performance at sentencing was neither deficient nor prejudicial under Strickland. First, according to counsel, he "focused on the areas… [that] had the best chance for a reduced sentence." ECF No. 294-3 at 7. This included challenging the vulnerable victim and obstruction of justice enhancements and "mitigation evidence in the form of a sentencing memorandum and objections to the PSR…." ECF No. 294-3 at 8. Those choices were made after conducting an adequate investigation which included interviewing movant's family members. As such, counsel's choices regarding sentencing strategy were reasonable tactical choices that do not amount to deficient performance. See Strickland, 466 U.S. at 689. Although movant may have wanted counsel to make different arguments at sentencing, he does not explain, much less demonstrate, how such information would have resulted in a lower sentence. Thus, there is no prejudice resulting from counsel's performance at sentencing. Accordingly, claim four should be denied on the merits.

In the fifth claim, movant contends that counsel denied him "honest representation" by advising him to testify that he knew that the age of consent in California was 18. ECF No. 214 at 12. It is not clear to the court how any such advice affected movant's trial because he did not testify in his own defense and, without such testimony, counsel had no factual basis upon which to argue this to the jury.[6] Movant does not argue in his pleadings that counsel's advice impacted

---

[6] At most, the record indicates that trial counsel informed the court in a pretrial motion that movant had knowledge of the age of consent in California "just in case it was a fact he could

10

the jury's verdict in any respect. As a result, this claim fails based on lack of prejudice and should be denied.

Claim six challenges trial counsel's failure to object to Jury Instruction No. 22 that explained relevant provisions of Nevada law. ECF No. 214 at 17. Movant argues that this instruction was overly prejudicial and biased the jury against him because it aided the prosecution's theory. The undersigned finds that this claim fails under both prongs of Strickland. First, the record demonstrates that trial counsel did object to the instruction because it did not include the age of consent in Nevada. See ECF No. 179 at 12-13. As a result of this objection, the government agreed to modify the instruction. ECF No. 179 at 15. However, the trial court denied the modified jury instruction finding that the age of consent in Nevada did not have any bearing on movant's state of mind "before, after, or during [the victim's] transportation into California." ECF No. 138 at 7 (Final Closing Jury Instructions and Verdict Form). As a result, trial counsel's objection to the instruction was overruled. Movant does not suggest any other basis upon which trial counsel could have objected to this instruction and trial counsel's affidavit indicates that no further objection was made because the instruction was an accurate statement of the law as given. See ECF No. 294-3 at 10. As a result, the court finds that trial counsel's performance was not deficient under Strickland. Nor has movant demonstrated any prejudice resulting from trial counsel's challenged conduct. See Shah v. United States, 878 F.2d 1156, 1162 (9th Cir. 1989) (emphasizing that "[t]he failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.") (citation omitted). This conclusion is supported by the direct appeal decision in which the Ninth Circuit found that any purported error with jury instruction number twenty-two was harmless beyond a reasonable doubt. See ECF No. 203 at 3-4. For all these reasons, the undersigned recommends denying relief on this claim.

In his eleventh claim, movant asserts that trial counsel was ineffective for not asking the court for access to the victim prior to trial. ECF No. 214 at 17. Trial counsel's affidavit confirms

---

testify to, [but] it was not something the defense used at trial because Mr. Peel did not testify to this fact." ECF No. 294-3 at 8 (trial counsel's affidavit). More importantly, movant does not suggest that the trial court would have ruled differently on the pretrial motion absent this information.

11

that no such request was made, but also indicates that there was no evidence that the government was forcibly detaining L.P. prior to trial. ECF No. 294-3 at 10. "The victim testified at trial that she was free to leave and that she did not know if her father wanted her in the program" where she was living. ECF No. 294-3 at 10. More importantly, movant does not even suggest how gaining access to the victim prior to trial would have resulted in a different verdict. As trial counsel explains, "the victim had already changed her story many times…. so a further interview would not have been fruitful." Id. Therefore, movant has failed to demonstrate any prejudice resulting from his trial counsel's challenged conduct. The undersigned recommends denying this claim for relief.

In claim thirteen, movant strangely argues that his appellate counsel was ineffective for not filing an Anders brief indicating that there were no meritorious claims that could be raised on appeal. Movant does not even attempt to explain how filing an Anders brief would have resulted in a better outcome on appeal. The undersigned finds that there is no logical basis to conclude that his appeal had a greater likelihood of success by filing a brief indicating that there were no colorable issues for appeal. See ECF No. 294-4 at 3 (letter from appellate counsel). As a result, movant's ineffectiveness claim against appellate counsel fails for lack of prejudice under the Strickland standard. 466 U.S. at 668; see also Rios v. Rocha, 299 F.3d 796, 805 (9th Cir. 2002) (emphasizing that a "[f]ailure to satisfy either prong of the Strickland test obviates the need to consider the other.").

In complete contradiction to claim thirteen, movant also alleges that appellate counsel was ineffective for not challenging a "sarcastic" comment made by the trial judge during a hearing outside the presence of the jury on November 12, 2014. ECF No. 214 at 16. Movant does not explain how a single comment made at the bench denied him a fair trial or how such a challenge would have resulted in a different outcome on appeal. Accordingly, this claim fails under both prongs of Strickland and should be denied. See Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir. 1989). Winnowing out weaker arguments is a hallmark of effective appellate advocacy. See Jones v. Barnes, 463 U.S. 745, 751-52 (1983).

For the reasons explained above, the files and records of this case conclusively

demonstrate that movant is not entitled to relief. See 28 U.S.C. § 2255(b). Furthermore, the issues raised in movant's § 2255 motion do not warrant an evidentiary hearing as the allegations can be decided based on the existing record. See Blackledge v. Allison, 431 U.S. 63, 76 (1977); see also United States v. Mejia–Mesa, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief.").

### IV.    Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The undersigned has reviewed the pleadings and record in this case and concluded that the claims raised in the amended § 2255 motion do not warrant relief. If this recommendation is adopted by the district court judge assigned to your case, the amended § 2255 motion will be denied and your case will be closed.

If you disagree with this outcome, you have 14 days to explain why it is not correct. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."

IT IS HEREBY RECOMMENDED that:

1. Movant's amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 214) be denied; and

2. The Clerk of the Court be directed to close the companion civil case No. 2:19-cv-02408-KJM-CKD.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. If movant files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253

"only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 2, 2023

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/peel0192.F&R.2255

14