UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>DONALD J. PEEL,<br><br>Movant. | No. 2:14-cr-00192-KJM-CKD-1<br><br><br><br>ORDER |

Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 2, 2023, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. F. & R., ECF No. 329. Movant has filed objections to the findings and recommendations, Objs., ECF Nos. 336, 337, three motions for leave to amend the objections, Mots., ECF Nos. 338, 339, 341, and amended objections to the findings and recommendations, Am. Objs., ECF No. 340.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. The court considers movant's amended objections here.

1

Movant first argues the appellate court's decision as to his claim under *Faretta v. California*, 422 U.S. 806 (1975) was clearly erroneous and therefore, the law of the case doctrine does not preclude this court from reconsidering that issue. *See* Am. Objs. at 2–8. However, "the legal effect of the doctrine of the law of the case depends upon whether the earlier ruling was made by a trial court or an appellate court," and "[a] trial court may *not* . . . reconsider a question decided by an appellate court." *United States v. Houser*, 804 F.2d 565, 567 (9th Cir. 1986), *abrogated on other grounds by Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988) (emphasis in original).

Even if, arguendo, the court were able to review the appellate court's decision, movant has not shown clear error, let alone violation of a constitutional right. "To exercise the right to self-representation," a defendant's request to proceed without counsel must be unequivocal. *Adams v. Carroll*, 875 F.2d 1441, 1444 (9th Cir. 1989); *see also Faretta*, 422 U.S. at 835. "The requirement of unequivocality resolves this dilemma by forcing the defendant to make an explicit choice. If he equivocates, he is presumed to have requested the assistance of counsel." *Adams*, 875 F.2d at 1444. Here, there is no evidence movant made an unequivocal request to proceed without counsel. Rather, the record shows he unequivocally sought to be represented by counsel. *See, e.g.*, ECF 12 (requesting appointment of new counsel); In Camera Hr'g Tr. (May 23, 2014) 7:7–17:15, Gov't Ex. 3, ECF No. 303 (requesting new counsel and then withdrawing his request); In Camera Hr'g Tr. (Aug. 22, 2014) 4:12–5:4, Gov't Ex. 3 (responding "I'm not by any means capable of representing myself" and "I would not ever consider that" when court asked whether movant wants to represent himself); Jury Trial Tr. (Nov. 12, 2014) 425:22–426:3 (responding "no" when court asked whether movant wants to represent himself).

As to movant's remaining objections, the court finds the magistrate judge correctly found the claims raised in movant's amended § 2255 motion do not entitle him to relief. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

/////

/////

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 2, 2023 (ECF No. 329), are adopted in full;

2. Movant's amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 214) is denied;

3. Movant's motions for leave to amend his objections to the findings and recommendations (ECF Nos. 338, 339 and 341) are denied as moot.

4. The Clerk of the Court is directed to close the companion civil case No. 2:19-cv-02408-KJM-CKD, and to enter judgment.

5. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: March 27, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE