UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONALD PEEL,<br><br>Defendant. | No. 2:14-cr-00192-DAD-CKD-1<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE<br><br>(Doc. No. 380) |

On June 26, 2025, defendant Donald Peel (hereinafter "defendant"), proceeding through counsel, filed a motion seeking his compassionate release from federal custody pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] (Doc. No. 380.) On December 22, 2025, after obtaining an extension of time in which to do so, the government filed its opposition to that motion under seal because it included and reflected medical information pertaining to defendant. (Doc. No. 390.) On February 3, 2026, counsel for defendant filed a reply in support of the pending motion.[2] (Doc. No. 392.)

/////

---

[1] On January 10, 2025, the previously assigned district judge, granted defendant Peel's motion for appointment of counsel in connection with his then anticipated renewed motion for compassionate release. (Doc. No. 366.)

[2] On February 4, 2026, this case was reassigned to the undersigned. (Doc. No. 393.)

1

In the pending motion, defendant contends that "extraordinary and compelling" reasons support the granting of his motion.  For the reasons explained below, defendant's motion will be denied.

**BACKGROUND**

Defendant was indicted in this case on July 17, 2014, for transportation of a minor to engage in prohibited sexual conduct in violation of 18 U.S.C. § 2423(a).  (Doc. No. 6.)  On November 18, 2014, following a jury trial, defendant was found guilty of the charged offense.  (Doc. Nos. 140.)  On July 31, 2015, defendant was sentenced to the custody of the U.S. Bureau of Prisons (BOP) for a term of 210 months to be followed by a 240–month term of supervised release.  (Doc. Nos. 164, 165.)

On August 28, 2018, defendant's judgment of conviction and sentence was affirmed by the Ninth Circuit.  (Doc. No. 203.)  On March 28, 2024, the then–assigned district judge adopted the magistrate judge's findings and recommendations and denied defendant's a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  (Doc. No. 342.)  In the meantime, on November 20, 2020, March 25, 2021, July 8, 2021, and December 18, 2024, the previously assigned district judge denied defendant's motion and renewed motions for compassionate release.  (Doc. Nos. 268, 284, 306, and 363.)

In the now pending motion, counsel for defendant argues that the following circumstances are extraordinary and compelling and support the granting of compassionate release:  (1) the defendant's advanced age and various medical conditions; (2) defendant's rehabilitation efforts undertaken since his imprisonment; (3) defendant's release plan which includes residing with his sister at a home where minor family members no longer reside; and (4) defendant no longer poses a risk of re-offending or posing a danger to the community in light of having served over eleven years in prison and his advanced age.  (Doc. Nos. 380 at 4–12; 392 at 3–7.)

The government opposes the motion, arguing that defendant's previous motions for compassionate release have been properly denied and that defendant continues to pose a danger to the community if released.  (Doc. No. 390.)  The government argues that defendant has failed to show either that his medical conditions are sufficiently severe to justify his early release or that

2

his release is necessary so that he may care for his sister. (*Id*. at 7–8.) The government also argues that defendant's prison disciplinary history shows that he has not been a model prisoner by any means and that even were this not the case, rehabilitation efforts alone does not entitle a prisoner to compassionate release. (*Id*. at 8.) Finally, and perhaps most importantly, the government focuses on the sentencing factors set forth at 18 U.S.C. § 3553(a) and the nature of defendant's criminal conduct underlying his conviction and sentence in this case. (*Id*. at 5–10.) Thus, the government contends that even if defendant had demonstrated extraordinary and compelling reasons justifying his compassionate release, consideration of the § 3553(a) factors in his case strongly weigh against the granting of relief in light of the serious and egregious nature of defendant's criminal conduct. (*Id*.) The court finds the government's arguments in this regard to be persuasive.

Defendant's projected release date is reported to be June 18, 2028. Below, the court will address the applicable legal standards and apply them to the pending motion.

**APPLICABLE LEGAL STANDARDS**

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances.") (alterations in original) (citation omitted). Those limited circumstances include compassionate release in extraordinary cases. *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Prior to the enactment of the First Step Act of 2018 ("the FSA"), motions for compassionate release could only be filed by the BOP. 18 U.S.C. § 3582(c)(1)(A) (2002). Under the FSA, however, imprisoned defendants may now bring their own motions for compassionate release in the district court. 18 U.S.C. § 3582(c)(1)(A) (2018). In this regard, the FSA specifically provides that a court may:

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original

3

term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that–

(i)      extraordinary and compelling reasons warrant such a reduction; or

(ii)      the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i) and (ii).[3]

A reduction in sentence "must be consistent with the factors set forth in 18 U.S.C. § 3553(a) and any applicable Sentencing Commission policy statement." *United States v. Gerrans*, No. 23-3822, 2024 WL 4814876, at *1 (9th Cir. Nov. 18, 2024).[4]  "The U.S. Sentencing Commission issued a policy statement for reduction of a sentence under § 3582(c)(1)(A)(i) in its November 1, 2023 Guidelines Manual." *United States v. Simpson*, No. 3:97-cr-02903-BTM, 2024 WL 5193853, at *2 (S.D. Cal. Dec. 19, 2024).  The policy statement provides that a court may reduce a sentence after considering the § 3553(a) factors if it finds that (1) "extraordinary and compelling reasons warrant the reduction," (2) "the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g)," and (3) "the reduction is consistent with this policy statement."  U.S.S.G. § 1B1.13(a); *see also United States v. Castro-Camacho*, No. 24-6145, 2025 WL 2206110, at *2 (9th Cir. Aug. 4, 2025) ("On a compassionate-release motion brought under § 3582(c)(1)(A), a district court may reduce a sentence for 'extraordinary and compelling reasons' that are consistent with the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13.").  The policy statement further addresses "what qualifies

---

[3]  Here, it appears to be undisputed that defendant has exhausted his administrative remedies with respect to his request for compassionate release.

[4]  Citation to this and other unpublished Ninth Circuit opinions in this order is appropriate pursuant to Ninth Circuit Rule 36-3(b).

4

as 'extraordinary and compelling reasons' to release a defendant from BOP custody." *United States v. Jackson*, No. 1:06-cr-00134-JLT-1, 2025 WL 1255131, at *3 (E.D. Cal. Mar. 31, 2025) (citing U.S.S.G. § 1B1.13); *see also United States v. Inchaurregui*, Case No. 22-cr-02528-BAS-2, 2023 WL 7926797, at *2 (S.D. Cal. Nov. 16, 2023) ("The Sentencing Commission has recently provided definitions of extraordinary and compelling reasons . . . ."). These extraordinary and compelling reasons are: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) defendant as victim of abuse; (5) other reasons presented by defendant alone or in combination with the foregoing reasons, of similar gravity to the foregoing reasons; and (6) defendant's unusually long sentence. *Jackson*, 2025 WL 1255131, at *3; *see also United States v. Fernandez*, No. 5:13-cr-00527-EJD-1, 2025 WL 943136, at *1 (N.D. Cal. Mar. 18, 2025) ("The Sentencing Commission's policy statement regarding compassionate release is set forth in U.S.S.G. § 1B1.13. The statement provides six general circumstances that may constitute an extraordinary and compelling reason for compassionate release . . . .").

"Under § 1B1.13(b)(5), the court retains substantial discretion to determine what constitutes extraordinary and compelling reasons." *United States v. Gaitan-Ayala*, No. 07-cr-00268-JMS-1, 2024 WL 3316295, at *2, n.3 (D. Haw. July 5, 2024) (citing cases); *see also Castro-Camacho*, 2025 WL 2206110, at *2 ("'[A]ny other circumstance' may also qualify for relief, but only if it is 'similar in gravity' to those delineated."); *United States v. Evans*, 759 F. Supp. 3d 1247, 1267 (S.D. Fla. Dec. 10, 2024) (recognizing that "[t]hus, in drafting § 1B1.13(b)(5), the Commission's express aim was to purposefully empower judges to exercise broad discretion, and decide on a case-by-case basis whether the catch-all provision should be applied to a particular sentence") (citing cases); *United States v. Aigbekaen*, No. 15-cr-00462-JKB, 2025 WL 1347054, at *3 (D. Md. May 8, 2025) ("This 'catchall' provision 'maintains the broad discretion conferred on district courts to consider a wide array of extraordinary and compelling justifications for release.'"). However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement," but it "may

/////

5

be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d).

In the past, when moving for relief under 18 U.S.C. § 3582(c), it was recognized that the defendant bore the initial burden of demonstrating that a sentence reduction was warranted. *See United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998). Likewise, the defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022); *see also United States v. Greenhut*, No. 2:18-cr-00048-CAS, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020); *United States v. Van Sickle*, No. 18-cr-00250-JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020).

## ANALYSIS

As district courts have summarized, in analyzing whether a defendant is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the court must determine whether a defendant has satisfied three requirements:

> First, as a threshold matter, the statute requires defendants to exhaust administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Second, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. Third, the district court must also consider "the factors set forth in section 3553(a) to the extent that they are applicable." *Id*.

*United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019); *see also United States v. Ramirez-Suarez*, No. 16-cr-00124-LHK-4, 2020 WL 3869181, at *2 (N.D. Cal. July 9, 2020); *United States v. Parker*, 461 F. Supp. 3d 966, 973–74 (C.D. Cal. 2020); *United States v. Trent*, No. 16-cr-00178-CRB-1, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020) (noting that as to the third factor, under 18 U.S.C. § 3582(c)(1)(A) release must be "consistent with" the sentencing factors set forth in § 3553(a)).

### A.    Extraordinary and Compelling Reasons

As stated, "extraordinary and compelling reasons" warranting compassionate release may exist based on a defendant's medical conditions, age and other related factors, family circumstances, victimization, unusually long sentence, or "other reasons." U.S.S.G.

6

§ 1B1.13(b)(1)–(6).  Here, as noted above, defendant argues in the pending motions that his compassionate release is warranted based upon extraordinary and compelling reasons–specifically his advanced age, medical conditions, the time he has already served in custody, his release plans and his efforts toward rehabilitation that make him now a low risk of either recidivism or posing a danger to the community.  The government opposes the pending motion, arguing that the circumstances defendant bases his motion upon are not extraordinary and compelling and, even if they were, consideration of 18 U.S.C. § 3553(a) weighs heavily against the granting of relief.

Defendant Peel is now 76 years of age.  However, age alone cannot warrant a prisoner's compassionate release.  *United States v. Monaco*, No. 20-10052, 832 Fed. App'x. 626, 630 (11th Cir. Oct. 22, 2020) ("Monaco argues that the body and mind deteriorate over time—and indeed they do—but until he has actually experienced a 'serious deterioration' because of the aging process, the policy statements do not support age alone as an extraordinary and compelling reason for compassionate release."); *see also United States v. Desciscio*, No. 88-00239-RK, 2026 WL 1213643, at *3 (D.N.J. May 4, 2026); *United States v. Narez*, No. 1:05-cr-00231-AWI, 2021 WL 5566787, at *5 (E.D. Cal. Nov. 29, 2021); *United States v. Brame*, No.: 88-cr-00956-DMS, 2021 WL 2453179, at *2 (S.D. Cal. June 16, 2021) ("Defendant's age, standing alone, does not rise to the level of 'extraordinary and compelling reasons' under § 3582(c)(1)(A).").

Defendant Peel does suffer from a number of health conditions including some impacting his mobility and his breathing.  While the defendant's medical conditions are certainly serious, he has not shown that those conditions are not being adequately treated in BOP custody or that he is unable to provide for his own self-care.  *See United States v. Fugate,* No. 3:09-cr-00165, 2026 WL 1831661, at *3 (S.D. Ohio June 25, 2026) ("Courts have held that the mere existence of a serious health problem is not sufficient to be an extraordinary and compelling reason for release."); *United States v. Lundy*, No. 3:19-cr-00014, 2025 WL 3678515, at *5 (E.D. Va. Dec. 18, 2025);*United States v. Hollis*, No. 1:08-cr-00276-DAD-1, 2021 WL 4461687, at *2 (E.D. Cal. Sept. 29, 2021).

Defendant suggests that his efforts toward rehabilitation during his imprisonment in earning his GED, completing numerous classes and programs, and receiving a variety of

certificates also provide support for his compassionate release. Although certainly commendable and relevant, such efforts toward rehabilitation do not provide extraordinary and compelling reasons justifying a prisoner's compassionate release. *See United States v. Montoya*, No. 18-cr-00466-BLF-4, 2026 WL 784583, at *3 (N.D. Cal. Mar. 19, 2026) ("[B]ut U.S.S.G. § 1B1.13 provides that 'rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.'"); *United States v. Ablett*, No. 09-cr-00749-RS-1, 2024 WL 3173280, at *5 (N.D. Cal. June 24, 2024) ("[H]is rehabilitation does not warrant a sentence reduction.").

Finally, any suggestion that defendant's compassionate release is appropriate based upon family circumstances and his sister's need for his participation in her care are also not adequately supported in the pending motion. *See United States v. Green*, No. 2:21-cr-00355-JAK, 2025 WL 3769259, at *4 (C.D. Cal. Dec. 23, 2025) (rejecting such a claim where the defendant had failed to show that her mother was "incapacitated" within the meaning of U.S.S.G. § 1B1.13(b)(3)(A) and had also not established that her presence was necessary to provide the needed care).

Considering all of the circumstances outlined above in combination, the court concludes that defendant has not met his burden of demonstrating the existence of extraordinary and compelling circumstances justifying a reduction of the 210–month term of imprisonment imposed in his case.

**B.    § 3553 and Other Relevant Factors**

Any relief to be granted pursuant to 18 U.S.C. § 3582(c)(1)(A) must also be consistent with consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). *See Parker*, 461 F. Supp. 3d at 979. As noted, the government argues that the serious, brazen, and atrocious nature of defendant's criminal conduct compels the conclusion that consideration of the § 3553(a) factors weighs heavily against the granting of the requested relief. (Doc. No. 390 at 5–9.) The court finds the government's argument in this regard to be wholly persuasive.[5]

---

[5] The nature of defendant's criminal conduct in this case, engaged in when defendant was a mature 63 years of age, has been fully explored in his presentence report (Doc. No. 157 at 7–10) and summarized by the government in its opposition. (Doc. No. 390 at 5–9.) It need not be repeated here.

8

**CONCLUSION**

For the reasons explained above, defendant Donald J. Peel's motion for compassionate release (Doc. Nos. 380) is DENIED. The Clerk of the Court is directed to once again close this case.

IT IS SO ORDERED.

Dated: __**July 2, 2026**__

DALE A. DROZD
UNITED STATES DISTRICT JUDGE